# M'Geary, v. Raymond.

*Lease—United States revenue stamps—Evidence.*

Where a lease, properly stamped, is offered in evidence, it will be presumed that the stamps were affixed at the time they purport to have been, unless that presumption be overcome by affirmative evidence which will rebut it.

*Landlord and tenant—Distress—Parol authority.*

A distress may be made by a bailiff upon parol authority.

*Assignments of error—Failure to print papers in paper-book—Replevin.*

The Superior Court cannot pass upon assignments of error relating to papers offered in evidence, where such papers are not printed in the paper-books.

*Replevin—Distress—Landlord and tenant.*

In an action of replevin for goods distrained under a landlord's warrant where it appears that a previous writ of replevin for the same goods had been quashed, and thereafter the goods distrained had been removed from the leased premises, and that a constable without making any new distress and without any adjournment upon the day fixed for the sale originally, and without entering the premises, posted a bill upon the house, advertising the property for sale, and thereupon the second writ of replevin was issued, two questions should be submitted to the jury, first, whether the goods belonged to the plaintiff, and second, whether their removal was made in good faith, or clandestinely for the purpose of removing the goods from the lien of the distress for rent. If the goods belonged to the plaintiff, and their removal was made openly and in good faith, there was no authority for following them.

*Assignments of error—Grouping of points.*

An assignment of error which charges error "in not reading the points submitted by counsel for plaintiff, and in declining to charge as requested in the following points of charge" setting forth seven distinct points, as to some of which the court was correct in declining to charge, and as to some of which there might be some doubt, is in disregard of Rule 14 of the Superior Court, and will not be considered.

Argued Oct. 16, 1900. Appeal, No. 146, Oct. T., 1899, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1899, No. 781, on verdict for defendant in case of Ann M'Geary v. Jacob Raymond, Constable, and Henry G. Freeman, Landlord. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Replevin for goods distrained for rent.

The facts are set forth in the opinion of the Superior Court.

At the trial when Elliston M. Slemmer was on the stand he was asked this question:

" Q. What did you distrain on ? "

Objected to on the ground that there is no authority shown to this man to make any distress. Objection overruled. Exception noted for plaintiff. [1]

Defendants' counsel offers in evidence lease dated February 18, 1899.

Mr. Harrington: Objected to because there is no evidence yet that it was stamped at the time it was made to make it a legal paper. I object to this paper because it does not appear to have been stamped at the time it purports to be dated, and to have been executed.

Objection overruled. Exception noted for plaintiff. [2]

Defendants' counsel offers in evidence the original order to distrain dated September 11, 1899, directed to the constable, signed by Mr. Moore, directing him to levy on this property.

Objected to, because it is signed by J. C. Moore, and he is not the owner of the property or the landlord.

Objection overruled. Exception noted for plaintiff. [3]

Defendants' counsel offers in evidence the distress warrant

Mr. Harrington: I object to it, first because according to whatever was done under this writ, it was done before it was signed by Mr. Freeman or his agent, and the levy that was alleged to have been made under it, testified to by Mr. Slemmer, was made the day before it was signed. Second, the warrant being signed by the constable to himself, who made the distress and whose deputy, Mr. Slemmer, acted for him in making the distress, it was not such a warrant as would authorize him to act, for he could not sign the name of the principal to an order for him to act and distrain. My next objection to this paper is that the levy having been made under this and the appraisement having been held, and then nothing having been done afterwards, it was an abandonment of it, and did not authorize or warrant the undertaking to sell these goods by an advertisement put up on October 12 or 13.

Objections overruled. Exception noted for plaintiff.

The court charged in part as follows:

[Mr Freeman, in what is called his avowry, says that whatever was done here by the constable, Jacob Raymond, or his deputy, was done by and with his authority. He says that these people were acting for him, and he avows and acknowledges their acts and deeds as his own. He assumes them. There would seem to be no question at all on this point.] [5]

[Supposing that you find, as I think, under the evidence, you ought to find, there was a lease made to the tenant of 1711 North Seventh street, by Moore, acting on behalf of Mr. Freeman, and supposing you find there was rent in arrear under that lease, Mr. Freeman, who is the defendant in this case, would be entitled to a verdict, and the amount of his verdict would be the amount of the rent in arrear, with a proper allowance for the costs of taking the goods in distress.] [6]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1–4) rulings on evidence, quoting the bill of exceptions. (5–6) Above instructions. (7) "In not reading the points submitted by counsel for plaintiff, and in declining to charge as requested in the following points for charge," quoting seven points.

*David C. Harrington,* for appellant.—It has been held that there is no presumption that the constable does his duty and the landlord must prove compliance with the law: Murphy v. Chase, 103 Pa. 260; Brisben v. Wilson, 60 Pa. 452; Holland v. Townsend. 136 Pa. 405; Wyke v. Wilson, 173 Pa. 12; Quinn v. Wallace, 6 Wharton, 452; Jackson & Gross on Landlord and Tenant, 128.

There might be a case in which a sale was advertised and no bidders present, when it would be the duty of the officer to adjourn the sale a reasonable time.

There are no cases under the landlord and tenant act as to what would be a reasonable time, but in insurance cases, where the policy requires that notice of the fire should be forthwith given, and proofs of loss made up as soon as possible, it has been held in Trask v. State Fire & Marine Insurance Company, 29 Pa. 198, and Edwards v. Lycoming County Mutual Ins. Co., 75 Pa. 378.

What is a reasonable time is for the court where the facts are ascertained.

When the goods were replevied on the first replevin, and the constable did not adjourn his sale, the lien of the distress is gone : Woglam v. Cowperthwaite, 2 Dall. 68 ; Frey v. Leeper, 2 Dall. 131 ; Gray v. Wilson, 4 Watts, 39–42.

*George P. Rich*, with him *Henry C. Boyer*, for appellees.— The bailiff was not compelled to prove the authority given to him previous to the distress, or that the landlord had after the distress assented to it. On the other hand, this previous authority or subsequent assent need not be in writing at all, but may be oral. Franciscus v. Reigart, 4 Watts, 98, Jones v. Gundrim, 3 W. & S. 531, Jackson & Gross on Landlord and Tenant, sec. 888, Woglam v. Cowperthwaite, 2 Dallas, 68, Frey v. Leeper, 2 Dallas, 131, and Gray v. Wilson, 4 Watts, 39, appear to settle that where a landlord distrains and the tenant replevies, and the goods are then restored to him, the distrainor's lien is gone.

The tenant, by bringing his action of replevin, waives all irregularities in the distress and reduces the question to a simple issue of rent in arrear or not; the tenant, if wronged, being left to his action of trespass, or on the case : Smoyer v. Roth, 13 Atl. Repr. 191 ; Karns v. McKinney, 74 Pa. 387.

OPINION BY BEAVER, J., July 25, 1901:

A somewhat careful analysis of the facts in this case is necessary in order to an understanding of the questions of law which are raised by the several specifications of error. The plaintiff brought replevin against the constable and landlord for goods held under a distress for rent for premises No. 1711 North Fifteenth street, which had been leased by one of the defendants to one, Mary McGeary, a daughter of the plaintiff. Defendants filed an avowry "leased to Mary A. McGeary, rent in arrear and distress." The original distress was made September 12, 1899, and a writ of replevin seems to have been issued September 19, in pursuance of which the constable surrendered the goods to the sheriff. This writ was quashed October 12. In the mean time the premises upon which the distress was made were vacated and the goods distrained removed to 1705 North Fifteenth street. The constable, on the day after the writ was quashed,—a full month after the original dis-

tress,—without making any new distress and without any adjournment upon the day fixed for the sale originally, without entering the premises, posted a bill upon the house, advertising the property for sale; thereupon the writ of replevin in this case was issued. The plaintiff showed title to the goods through her son, whose testimony was not contradicted.

The plaintiff assigns the errors complained of in seven distinct specifications. In the second the overruling of objections to the introduction of the lease in evidence, on the ground that it was unstamped at the time of its execution, is complained of. The testimony to which we are referred to sustain this assignment not only does not do so but shows, if it shows anything, that the plaintiff paid for the stamp. The testimony of the witness is purely negative, showing no actual knowledge upon the subject. It was impossible from his testimony to hold that the lease had not been stamped at the time of its execution. When a paper, properly stamped, is offered in evidence, it will be presumed that the stamps were affixed at the time they purport to have been, unless that presumption be overcome by affirmative evidence which will rebut it. The lease was properly received.

The first, third, fourth and fifth specifications relate to papers which are not printed in the paper-book of either appellant or appellee. They were in evidence but do not seem to have been attached to the record. It is impossible for us, without an examination of the papers themselves or printed copies thereof, to reach an intelligent conclusion in regard to them. The first and fifth specifications relate to the warrant of distress which it is alleged was not originally signed by the landlord, but by the constable who was authorized in writing to make the distress. Inasmuch, however, as the warrant is not printed and the authority was in writing and the landlord subsequently ratified the acts of the constable, it would not only be extremely technical to hold that he had no authority for making the distress, but actually erroneous in view of the fact that a distress may be made by a bailiff upon parol authority: Franciscus v. Reigart, 4 Watts, 98.

The sixth specification of error relates to a portion of the charge of the court in which it is said: "Supposing that you find,—as I think under the evidence you ought to find,—there

was a lease made to the tenant of 1711 North Seventeenth street, by Moore, acting on behalf of Mr. Freeman, and supposing that you find there was rent in arrear under that lease, Mr. Freeman, who is the defendant in this case, would be entitled to a verdict and the amount of his verdict would be the amount of the rent in arrear, with a proper allowance for the cost of taking the goods in distress." This is equivalent to binding instructions for defendants and seems to ignore the other questions in the case, fairly raised by the facts, upon which instructions were asked by the plaintiff. If the goods were the property of the plaintiff and had been removed after the original distress and during the pendency of the original writ of replevin, was there such a lien upon them as authorized their sale by the constable? Were the said goods, assuming that they belonged to the plaintiff, liable under the circumstances for the rent of the premises No. 1711, in and upon the premises No. 1705?

As was said in Ball v. Penn, 10 Pa. Superior Ct. 544: "No authority is needed for the general proposition that the exercise of the right of distress for rent in arrear must be had, whilst the goods are upon the demised premises, and that all goods upon the premises, whether belonging to the tenant or other persons, with some exceptions designed to aid in the encouragement of trade not necessary to mention here, are subject to such distress, but the right to pursue the goods, after their removal from the premises, must be found in the terms of the Act of March 21, 1772, 1 Sm. L. 370." See authorities there cited.

If the lien of the distress was lost by the former replevin and the delivery to the sheriff and the failure of the constable to adjourn the sale, it is very clear that the defendant had no right to pursue the goods of the plaintiff to the premises No. 1705 in the manner in which it was done. If the lien of the distress remained, notwithstanding the former replevin, and the removal of the goods from the premises No. 1711 was a "pound breach or rescous," the defendant's remedy, as provided in the 2d section of the act of 1772, supra, was either by a special action upon the case for the wrong thereby sustained or, under the authority of Woglam v. Cowperthwaite, 2 Dall. 68, if the goods were clandestinely removed, he could have followed them and impounded them again, in which event we take it they should have been returned to the demised premises or to some

place under the control of the defendant. If, however, the removal was made openly and in good faith, we find no authority for following the goods, if they belonged to the plaintiff. The primary question of fact, therefore, is as to the ownership of the goods. If they did not belong to the plaintiff, she cannot recover. If they were hers, was their removal from the premises No. 1711 to No. 1705 made in good faith, or was it done clandestinely for the purpose of removing the goods from the lien of the distress for rent? These are questions which should have been submitted to the jury as well as those of there being a lease and rent in arrear thereunder. The sixth assignment of error, therefore, is sustained.

The seventh assignment of error is in disregard of our Rule 14. It asks us to convict the court of error, first, in not reading the points submitted by counsel for plaintiff and, second, in declining to charge, as requested, in the following points for charge, and then follow seven distinct points as to some of which the court was correct in declining to charge as requested and as to some of which there might be some doubt. This assignment of error is, therefore, disregarded. Judgment reversed and a new venire awarded.