# M. H. Pickering Co., Appellant, *v.* Lichtenstein.

*Landlord and tenant—Landlord's warrant—Distress—Goods of stranger.*

A person who makes a lease and collects rents, although only acting as agent of the owner, may issue a landlord's warrant in his own name.

A stranger's goods on demised premises not within the kind of goods protected by statute, may be taken in distress for rent in arrears, although the landlord's warrant specifies the goods of the

tenant only to be levied upon, without reference to the goods of others.

Argued April 19, 1916. Appeal, No. 39, April T., 1916, by plaintiff, from judgment of C. P. Allegheny Co., Feb. T., 1908, No. 142, on verdict for defendants in case of M. H. Pickering Company v. Mamie Lichenstein, Executrix of H. Lichtenstein, deceased, and Jacob Altman, et al. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Replevin for goods leased. Before CARNAHAN, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* was refusal to enter judgment for plaintiff n. o. v.

*James T. Buchanan,* for appellant.—A distraint for rent can only be made in the name of the person to whom the rent is due, and not in the name of his bailiff: Holt v. Martin, 51 Pa. 499; Bedford v. Kelly, 61 Pa. 491; Seyfert v. Bean, 83 Pa. 450; Oliver v. Phillips, 20 N. J. L. 180.

An agent is bound to follow the instructions of a principal: Kraber v. Union Ins. Co., 129 Pa. 8; Crist v. Kleber, 79 Pa. 290; Miller Piano Co. v. Parker, 155 Pa. 208.

*E. B. Strassburger,* with him *W. H. Lemon,* for appellees.—The Aronson Realty Company was the proper party to issue the landlord's warrant, whether the same was issued in the name of the Aronson Realty Company, Inc., or the Aronson Realty Company, Agents for H. and J. Lichtenstein: Brumbaugh v. Feldman, 47 Pa. Superior Ct. 10; Jones v. Gundrim, 3 W. & S. 531; Franciscus v. Reigart, 4 Watts 98; Kerr v. Sharp, 14 S. & R.

399; Furbush v. Chappell, 105 Pa. 187; M'Geary v. Raymond, 17 Pa. Superior Ct. 308.

OPINION BY TREXLER, J., July 18, 1916:

M. H. Pickering & Company, the appellant, replevied certain goods which they had leased to Taggart. The landlord of the latter had, prior to levy by the sheriff, made a distraint for rent in arrear.

The only questions presented are, first, was the warrant of distress in proper form and second, was it proper for the person executing the warrant to levy on Pickering's goods?

First: The lease was made by the Aronson Realty Co., Inc., Agent for H. & J. Lichtenstein. The landlord's warrant was not produced at the trial of the case but there was testimony that it was signed by the Aronson Realty Co., but whether as principal or agent, does not clearly appear. The court held, "that it was immaterial whether the Aronson Realty Co. issued the landlord's warrant in its own name or as agent for the Lichtensteins." The case here differs from those in which a party issuing a landlord's warrant was not concerned in the leasing of the property. Here the very person who made the lease and collected the rents issued the warrant. It was held in Bedford v. Kelly, 61 Pa. 491, that a warrant issued by one who executed a lease as agent could be issued without disclosing the principal, so also is Seyfert v. Bean, 83 Pa. 450. Taggart certainly knew that the warrant was issued for rent due to the Aronson Company as agents for the landlord. He raises no objection. The actual facts are not in dispute. The authority of the Aronson Company to issue the warrant is not questioned. Had the Aronson Company without any writing directed the bailiff to distrain, distress would nevertheless have been lawful for there are a number of cases in Pennsylvania that hold that a bailiff may distrain under a mere parol authority: M'Geary v. Raymond, 17 Pa. Superior Ct. 308. The real question in-

volved in the case was whether there was rent in arrear for which this warrant could issue.

Second: Was the levy upon Pickering's goods properly made? The landlord's warrant as stated before was not offered in evidence. It had been mislaid or lost but there was produced at the trial, although not offered in evidence, the printed form which was supposed to be like the one that had been used by the bailiff and in the form is a direction to levy upon the goods of the tenant which are found upon the premises and no reference is made to the goods of others. It is therefore claimed that there being no direction to levy upon Pickering's goods they could not be distrained. Conceding that the warrant was in the form which the plaintiff claimed, though the bailiff testified that the warrants he used directed him to levy upon the goods, notwithstanding who owned them, we do not think it affects the decision of the case. The point is extremely technical. The goods of the Pickering Company on the premises did not belong to the tenant but the law regards them as liable to distress for rent and they therefore occupy the same position as the tenant's goods and are liable for distress when a distraint is made. It is not required of the landlord when he issues a warrant to include in his direction to the bailiff the fact that the law gives him the right to levy upon the goods found upon the premises with certain exceptions. Barring the goods excepted by statute, all the goods upon the premises are for the purpose of distraint to be considered as the tenant's goods although that may belong to others.

The assignments of error are overruled and the judgment is affirmed.