## May, Stern & Co., Appellant, v. Lintner.

*Replevin—Valuation of goods—Affidavit of value—Act of March 19, 1903, Sec. 2, P. L. 39—Estoppel.*

In an action of replevin the affidavit of value which the plaintiff is required under the Act of March 19, 1903, Sec. 2, P. L. 39, to make before the writ may issue, may be used as conclusive to estop him from showing any other value at the trial.

*Landlord and tenant—Distress—Goods on premises under bailment.*

A constable under a landlord's warrant which directs him to distrain the goods of a tenant, may levy upon the goods which had been leased to the tenant under an installment lease with an ultimate option to purchase, if the rent be paid.

Argued April 24, 1917. Appeal, No. 40, April T., 1917, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1914, No. 1829, on verdict for defendant in case of May, Stern & Co. v. C. G. Lintner et al. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Replevin for goods under bailment.

From the record it appeared that the defendant, Lintner, was the bailee of the plaintiff of a quantity of household furniture which he placed upon the premises which he had rented from W. R. Stoughton. Stoughton issued a landlord's warrant, and pending a proceeding on the warrant, the plaintiff issued a writ of replevin. At the trial of the case judgment was directed for the defendant Stoughton, the amount of rent was determined and the value of the goods fixed at the amount stated in the affidavit accompanying the præcipe for the writ of replevin.

Other facts appear by the opinion of the Superior Court.

*Errors assigned* were various rulings and instructions.

*Jas. T. Buchanan,* for appellant.

*C. Elmer Brown,* for appellee.

OPINION BY TREXLER, J., July 13, 1917:

The first question presented is, "In replevin may the affidavit of value which the plaintiff is required to make before the writ may issue be used as conclusive to estop the plaintiff from showing the actual value at the trial?" The goods replevied consisted of household furniture which the plaintiff had leased to Lintner under the usual form of lease employed by installment houses and in the lease the value of the goods is fixed at $931.32 and a later clause provides that the same value shall apply to any replevin suit thereafter brought for the recovery of the goods. The bailee of the goods having failed to comply with the provisions of the lease under which he occupied the premises on which the leased goods were located, the landlord issued his warrant and distrained the goods in possession of the tenant including the goods of the plaintiff and the same were appraised at $477 and advertised for sale. The plaintiff then issued its writ of replevin for the goods leased and the sheriff found them in possession of the constable who held them by virtue of the landlord's warrant. The constable delivered the goods to the sheriff. The landlord of the premises afterwards intervened. The affidavit of value filed by the plaintiff at the issuing of the writ set the same value on the goods as that fixed in the lease, to wit, $931.32. At the trial the learned trial judge held that the plaintiff was bound by the value set in his affidavit and declined to permit him to show any other. The Act of March 19, 1903, P. L. 39, Section 2, provides "in order to determine the amount of bail the plaintiff shall make an affidavit of the value of the goods and chattels, which value shall be the cost to the defendant of replacing them, should the issue be decided in his favor." Prior to the passage of the above act the amount fixed by the plaintiff was prima facie the

measure of damages but could be changed by the parol testimony of either party: Gibbs v. Bartlett, 2 W. & S. 29. In that case it was held that "it is not usually done with a very nice attention to the real value of the goods and some injustice would be the result of the rule which makes the value fixed in the writ conclusive evidence," but as pointed out by the learned trial judge the act of 1903 does not recognize the fixing of the value by loose statements of the plaintiff, but provides that it shall be verified by affidavit and that the amount so fixed "shall be the cost to the defendant of replacing the goods." The idea is plainly expressed. This court in Com. v. Lintott, 64 Pa. Superior Ct. 328, stated, "we think it clear that plaintiff himself must be bound by his own valuation." The value he fixes is the replacement value of the goods. Defendant may refuse to accept the valuation for he has not had the opportunity of being heard in this regard but if he chooses to accept it, the plaintiff cannot repudiate his solemn act attested by his oath. The courts of different states were not in harmony on the subject and it seems the framers of the above act inserted these words in order to definitely settle the matter in this State. We think the court was right in refusing to allow the plaintiff to contradict his own affidavit.

The second question is, can a constable under a landlord's warrant which directs him to distrain the goods of the tenant levy upon the goods which had been leased to the tenant under an installment lease with an ultimate option to purchase if the rent be paid? In Pickering Co. v. Lichtenstein, 64 Pa. Superior Ct. 78, the same question was raised and we there said "the goods...... on the premises did not belong to the tenant but the law regards them as liable to distress for rent and they therefore occupy the same position as the tenant's goods and are liable for distress when a distraint is made. It is not required of the landlord when he issues a warrant to include in his direction to the bailiff the fact that the law gives him the right to levy upon the goods found upon the

premises with certain exceptions. Barring the goods excepted by statute, all the goods upon the premises are, for the purpose of distraint, to be considered as the tenant's goods although they may belong to others." In Myers v. Esery, 134 Pa. 177, goods leased to a tenant under a lease similar to that which is before us were distrained for rent. The Supreme Court in that case said, "it may be that, as between Mrs. Parker and Mr. Myers the furniture belonged to the latter under the agreement of June 6, 1888. But, as between Mrs. Parker and her landlord, the furniture belonged to her, and was liable to distress." The important element in every distress is the fact whether rent is due or not. The law fixes the liability of the goods on the premises for the rent owing. The form of the warrant is not important. It may be given by parol. Moreover, the act of the constable was subsequently recognized and ratified by the landlord: Franciscus v. Reigart, 4 Watts 98.

All the assignments of error are overruled and the judgment is affirmed.