## Pickering Company, Appellant, *v.* Lutz (No. 2).

*Landlord and tenant—Landlord's warrant—Constable—Distress —Goods of stranger—Deputy.*

A landlord's warrant which directs a constable to distrain on the goods of a tenant will support a distress of the goods of a stranger on the demised premises.

Where a landlord's warrant is directed to a constable, naming him "or next constable" the constable named may legally deputize or appoint a person, not a constable, to make distress thereunder.

When a landlord directs his warrant to a constable, it does not derive any force by reason of the designation of the official title of the plaintiff and if the bailiff delegates some other person to execute the warrant and the landlord recognizes the proceedings had under the warrant, no advantage can be taken of the fact that the party executing the warrant was not a constable.

Argued May 1, 1917. Appeal, No. 189, April T., 1917, by plaintiff from judgment of C. P. Allegheny Co., April T., 1916, No. 448, on verdict for defendants in case of M. H. Pickering Company v. H. H. Lutz, defendant and Silas P. Sadler, Rufus Martin, and J. J. Devine, Intervening defendants. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Replevin for household goods. Before CARNAHAN, J.

From the record it appeared that the goods replevied were the same goods which are described in the report of H. M. Pickering Co. v. Lutz, supra.

The goods were taken in distress under a landlord's warrant which was in the following form:

*The Commonwealth of Pennsylvania, ss:*
John J. Devine, Constable,
   5268 Butler Street, Pittsburgh, Pa.
To John J. Devine, or next Constable:
   WHEREAS, H. H. Lutz, indebted to me the sum of

Eighty no/100 Dollars due the first day of January A. D. 1916 for rent of the tenement and premises which he leased of me situate 4237 Dunkeld Place, Pittsburgh, Pa., which he has refused or neglected to pay: Therefore, you are hereby authorized to levy and make the said rent together with costs of the goods and chattels of the said H. H. Lutz, lying or being held on said premises, or wherever the same may be found within thirty days after the fraudulent or clandestine removal thereof from said premises, by distress and sale thereof according to law, returning the overplus, if any, to the said H. H. Lutz after payment of said rent and all legal costs and charges of said distress; and for so doing this shall be your warrant.

Given under my hand and seal this 8th day of January, 1916.

SADLER & MARTIN,
John Sykes, Agt.
J. S.

The distraint was not made by Devine, but was made by one W. D. Stockdale, who was not a constable.

Defendant offered in evidence the landlord's warrant as above.

By Mr. Buchanan:

I object to the offer of Exhibit No. 4, the landlord's warrant for the reason that it is directed to J. J. Devine or next constable; and it appears from the evidence that Mr. Stockdale who made this distraint under the warrant was not a constable; and for the further reason that the warrant authorizes J. J. Devine or next constable to make the rent, together with the costs of the goods and chattels of the said H. H. Lutz lying and being on said premises, and it contains no authority or direction to levy or distrain upon any of the other goods upon the premises.

479, (1917).]    Assignment of Errors—Arguments.

Objection overruled.

To which ruling of the court counsel for plaintiff excepts.

Exception allowed and bill sealed.    (1)

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned,* among others, were (1) rulings on evidence quoting the bill of exceptions and (4) in overruling plaintiff's motion for judgment n. o. v.

*James T. Buchanan,* for appellant.—An agent, constituted for a particular purpose and under a limited power, cannot bind his principal if he exceeds his power: Wilson v. Wilson, 26 Pa. 393; Campbell v. Foster Home Assn., 163 Pa. 609; Stokes v. Dewees, 24 Pa. Superior Ct. 471; Califf v. First Nat. Bank, Etc., 37 Pa. Superior Ct. 412; Union Trust Co. v. Means, 201 Pa. 374; Kraber v. Union Ins. Co., 129 Pa. 8.

*Wm. E. Hague,* for appellees.—The warrant of distress was not directed to John J. Devine in his official capacity as a constable, and the words "next constable," having no legal significance, John J. Devine could appoint any individual he saw fit to make the distraint.

Parol authority is sufficient to justify a bailiff to distrain: Lambson v. Matthew, 5 Harr. (Del.), 28; Bigelow v. Judson, 19 Wend. (N. Y.), 229; Furbush v. Chappell, 105 Pa. 187; Jones v. Gundrim, 3 Watts & S., 531; McGeary v. Raymond, 17 Pa. Superior Ct. 308.

As a general rule, the property of a third person upon the demised premises may be taken under a distress warrant for rent, as well as the property of the tenant himself: Kleber v. Ward, 88 Pa. 93; Karns v. McKinney, 74 Pa. 387; Kessler v. McConachy, 1 Rawle 435; Bogert v. Batterton, 6 Pa. Superior Ct. 468.

OPINION BY TREXLER, J., July 13, 1917:

This case involves the same question as we have considered in May, Stern & Company v. Lintner, 40 April Term, 1917. We there held following Pickering Co. v. Lichtenstein, 64 Pa. Superior Ct. 78, that the landlord's warrant which directs the constable to distrain upon the goods of the tenant will support a distress of the goods of a stranger on the demised premises. See also Pickering v. Hendershot, No. 172, April Term, 1917.

The other question is whether a constable under a warrant which is directed to him "or next constable" can legally deputize or appoint a person not a constable to make distress thereunder. Of course if it be essential that the party executing the warrant be a constable the question would carry its own answer. All that is required of the person executing a warrant in landlord and tenant proceedings is that he is the authorized agent of the landlord. When he directs his warrant to a constable, it does not derive any force by reason of the designation of the official title of the bailiff and if the bailiff delegates some other person to execute the warrant and the landlord recognizes the proceedings had under the warrant, no advantage can be taken of the fact that the party executing the warrant was not a constable. As we have stated in the case of Pickering v. Lichtenstein, supra, the exact wording of a landlord's warrant is not so important. It can be given verbally. The essential feature about it is that there must be rent in arrear and that the bailiff is authorized to levy upon the goods found upon the premises in satisfaction of the rent. If these elements are present the action should not be defeated by a mere lack of specific direction in the warrant. More especially is this so if the proceedings are subsequently ratified by the landlord. "If the landlord and tenant are named, and a power to distrain for rent, it will justify him in making a legal distress for rent due. It would be right in some way to inform him how much rent is claimed, to prevent his taking an un-

reasonable distress. No form of warrant will justify a bailiff who acts illegally": Jones v. Gundrim, 3 W. & S. 531. "The distress in the first instance is little more than a demand of the rent due and notice of further proceedings unless it be paid. This may be made and given by the landlord or by his agent or bailiff. Even the subsequent assent of the landlord gives authority to the agent by the relation back to the time he made the distress, and thus implicating the landlord in the responsibility of the transaction, redounds to the benefit of the tenant": Franciscus v. Reigart, 4 Watts 98.

Judgment affirmed.