## Cunin v. Ehrlich et al.

*H. H. Berlin*, for plaintiff; *E. Booth*, for defendants.

MARTIN, P. J., June 27, 1928. — Plaintiff made a conditional sale of machinery to defendant Maurice M. Ehrlich and delivered the machinery to him on the premises No. 139 North Third Street, rented from defendant A. C. Hering. The rent being in arrears, the constable, Jacob Werner, made a levy June 22, 1927, under authority of a landlord's warrant signed by Hering.

Plaintiff filed a bond, and, on July 1, 1927, issued a writ of replevin. The sheriff delivered the machinery to him.

A declaration was filed averring that the machinery was in the possession of Maurice M. Ehrlich under the terms of a conditional sale agreement duly recorded in the office of the Prothonotary of Philadelphia County, and a copy was attached to the declaration; that Maurice M. Ehrlich was the lessee of the premises No. 139 North Third Street from A. C. Hering, who was duly notified and had knowledge of the fact that the machinery was the property of plaintiff and leased to Maurice M. Ehrlich; that the tenant failed to pay rent for the leased premises and distress was made upon the machinery in the possession of Maurice M. Ehrlich, who was indebted to plaintiff for rent under the terms of the conditional sale of the machinery.

An affidavit of defense and counter-claim were filed by defendant A. C. Hering. In the affidavit of defense it was denied that the defendant, Maurice M. Ehrlich, was a tenant of the premises No. 139 North Third Street, and averred that the premises were leased to Herman E. Ehrlich, trading as Print Crafters. It was denied that the landlord was notified that the goods were the property of plaintiff, but admitted that he knew they were leased.

The counter-claim recited the terms of the lease to Herman E. Ehrlich, trading as Print Crafters, averred that default had been made in the payment of rent and that a distraint was made for rent falling due May 15th and June 15, 1927, and a levy on the goods on the premises for $90 rent and $21.31 costs.

An answer to the counter-claim was filed by plaintiff, averring that the machinery belonged to him and was not liable to be seized for rent by reason of the fact that the landlord had knowledge that the goods were not the property of Maurice M. Ehrlich or Herman E. Ehrlich; that other goods

were returned to rightful owners by Maurice M. Ehrlich and by the constable; and that there were sufficient goods in addition to those belonging to plaintiff on the premises to pay the rent.

Defendants entered the present rule to show cause why judgment should not be entered against plaintiff for want of a sufficient reply to the counter-claim and assigned as a reason for the rule that "the reply (answer) sets forth no facts which constitute a legal defense to the counter-claim of the defendants, Hering and Werner, for rent for which distraint had been made, but merely avers that the goods replevied were not liable to distress because the defendant, Hering, the lessor, had knowledge of the fact that said goods were leased and were not the property of the lessee."

It is not denied that the levy upon the machinery was for rent due the landlord who was the owner of the premises where the machinery was located: Pickering Co. v. Lichtenstein, 64 Pa. Superior Ct. 78.

In May, Stern & Co. v. Lintner, 67 Pa. Superior Ct. 422, 425, it was said: "Barring the goods excepted by statute, all goods upon the premises for the purposes of distress are to be considered as the tenant's goods, although they may belong to another."

And now, to wit, June 27, 1928, the rule for judgment for want of a sufficient reply to the counter-claim filed by defendants is made absolute.