## Opie *against* Serrill.

An agent having undertaken gratuitously to collect a note and book-account, surrendered them to the debtor, from whom he took a new note to himself for their amount: *held*, that this was an extinguishment of the original debt, and the agent was liable for its amount to his principal.

ERROR to the District Court for the city and county of *Philadelphia*, in which an action of *assumpsit* for goods sold and delivered was brought to December term 1840, by Pearson Serrill, William H. Bernard and Christian W. Hahn, late trading under the firm of Serrill, Bernard & Co. against Peter V. Opie, surviving partner of Edward Innis & Peter V. Opie, late trading under the firm of Innis & Opie. The plaintiffs gave in evidence a book-account against the defendants for $293.23.

The defendant offered in evidence under a notice of special matter the plaintiffs' answer to a bill of discovery in the District Court for the city and county of Philadelphia, filed by the defendant on the 28th January 1842. The plaintiffs objected to the admission of it as incompetent, and the court sustained the objection and sealed an exception.

The following is the answer referred to:

That for some time previous to the 1st January 1840 there had been mutual dealings between the plaintiffs and the defendants, and that on the 1st January 1840 there was a balance of account due and unpaid from defendant to plaintiffs of $248.42. That on or about the 3d January 1840 William H. Bernard, one of the plaintiffs, called on the defendant Opie, and requested a settlement and payment of the above balance; that in part payment thereof, Opie offered to Bernard a promissory note dated August 20th 1838, payable nine months after date, made by one William W. Meredith, of Nashville, Tennessee, in favour of the late firm of Innis & Opie, for the sum of $310.82, against which Opie stated to Bernard there was a credit of $100 for cash paid. Opie also offered to transfer to Bernard, in part payment as aforesaid, a certain book-account against Meredith, amounting to the sum of $12, and Opie requested Bernard to take the note and book-account in part payment of the balance of $248.42. That Bernard refused to take the note and book-account, or either of them, in part or whole payment, nor did he then, nor have the firm of Serrill, Bernard & Co., or either of them, at any time since, received from Opie, or from any person or persons on his behalf, the said note and book-account, or either of them, in whole or partial payment of the balance. That after Bernard had refused to receive

[Opie v. Serrill.]

the note and book-account in payment, Opie requested Bernard to receive the same for collection on the behalf of him, Opie, and to transmit the same to Christian W. Hahn, one of the plaintiffs, who was then at Nashville, Tennessee, engaged in collecting the claims and attending to the business of the firm of Serrill, Bernard & Co. That Bernard, solely to oblige Opie, and without any reward, recompense or commission whatever therefor, agreed so to receive, and received the note and book-account from Opie, and gave a receipt therefor in the following words:

" Received January 3, 1840, of Innis & Opie, William W. Meredith's note, dated August 20th 1838, for $310.82, at nine months, for collection.

(Signed)     SERRILL, BERNARD & Co."

and promised that the plaintiffs would endeavour to collect the same, according to the request of Opie. That the plaintiffs did not agree to receive the note and book-account in whole or partial payment of their claim. That shortly afterwards the plaintiffs sent the note and book-account to Hahn, who was then at Nashville, Tennessee, with instructions to demand payment of, and endeavour to collect the same from Meredith.

That at the time when the note and book-account came to hand at Nashville, Meredith was absent from that place; that shortly afterwards Hahn met Meredith at New Orleans, and demanded of him payment of the note and book-account; that Meredith declared himself unable to pay the same at that time; and Hahn believing it impossible to collect the same at that time, and in the exercise of his best judgment, agreed to take from Meredith his new promissory note, at four months, including the book account and the old note, and deducting the payment endorsed on the said old note, as the best arrangement that could be made under the circumstances. That accordingly Hahn took from Meredith a new promissory note, made by Meredith, payable four months after date to the order of Serrill, Bernard & Co., the plaintiffs, for the sum of $232.60, being the amount due, with interest, on the said note and book-account, which had been transferred to the plaintiffs for collection. That at the time the new note was so taken, Hahn surrendered and delivered up to Meredith the promissory note payable to the late firm of Innis & Opie, and transferred by Opie to Bernard for collection. That Hahn left the new note at Nashville, Tennessee, for collection, and that it was with this view that he had it drawn payable to the order of Serrill, Bernard & Co.

And these respondents say, that throughout all these proceedings they considered themselves as acting merely as the agents of the firm of Innis & Opie, and that they are now ready and willing to pay over to Opie the amount of the new promissory note, whenever it shall be collected by due course of law or otherwise, but

that up to the date hereof, neither the said amount, nor any part thereof, has been received from Meredith, or from any one on his behalf, by these respondents, or by any one to their or either of their use. That the new note so taken was protested at maturity for non-payment. That Meredith, as the respondents believe, failed in business, after Hahn had procured from him the new promissory note, and before it became due and payable. That Meredith, as respondents have been informed and believe, has made an assignment of all his estate for the benefit of his creditors, in which assignment neither these respondents, nor either of them, nor any one on their behalf, are preferred for the amount of the new promissory note or any part thereof. And the respondents admit that Innis & Opie were the holders of a certain promissory note dated August 20, 1838, for the sum of $310.80, made by Meredith, then, as the respondents believe, a resident of Nashville, Tennessee, and the respondents do not know of any other promissory note, of any other date, or of any other amount of Meredith, held by the late firm of Innis & Opie. That they were informed by Opie that a payment of $100 had been made on account of said note, but whether it was made on the 22d August, or on what other day or year, or whether a credit for said sum was endorsed on said note, the respondents do not recollect.

That in addition to the note, Opie, at the time aforesaid, averred that Meredith was indebted to the late firm of Innis & Opie, in the sum of $12 on book-account, but whether Meredith was so indebted or not, the respondents do not know, except so far as it may be inferred from the conduct of Meredith. That Bernard did not, on or about the 3d January 1840, or at any other time or date, in any other year, ask for and obtain from Opie, or from any other person or persons on his behalf, the transfer by endorsement or otherwise, of the note and book-account against Meredith; and that Bernard did not then, or at any other time, state to Opie that Meredith was good for the amount due on the note and book-account, or for any other sum, or that the same would be received by the respondents, either in full or on account and in part payment of their demand against .Opie, as surviving partner of the late firm of Innis & Opie. That the demand for which Opie, as surviving partner of the late firm of Innis & Opie, is now sued, is for a balance of book-account, amounting to $248.42 due by the said firm to the respondents, and the same which was due on or about the 3d January 1840. That Bernard, on the endorsement and transfer of the note and book-account to Serrill, Bernard & Co. for collection, sent the note to Hahn, one of the firm of Serrill, Bernard & Co., who was then in Nashville, Tennessee, for the purpose of collection. That Meredith not being in the city of Nashville, and not being able to pay the note and book-account, Hahn, using his best discretion in the premises, and in accordance, as he believed, with the best interests of the firm of Innis & Opie,

[Opie v. Serrill.]

having met Meredith in New Orleans, took from Meredith his new promissory note for the sum of $232.60, payable in four months after date to the order of Serrill, Bernard & Co., the respondents; the date of said note, and its precise words, the respondents are not able to state, as the note is now at Nashville, Tennessee, in the hands of the agent or attorney of the respondents for collection; that the new note was taken without an express authority or consent, in so many words, from the complainant, but as the respondents believe and understood, with the implied authority and consent of the complainant, in the exercise of a wholesome discretion in a matter undertaken by them without reward, and solely on the responsibility of the complainant. That Hahn, at the time of taking the new promissory note, delivered up Meredith the old note and book-account. That Opie has not been deprived of his means of recovering his demand from Meredith, as the new note includes the book-account, as well as the balance on the old note; that the respondents hold themselves liable, under their agreement, to Opie, for whatever may be collected therefrom, and are willing at any time to direct their agent to hold the said note to the order of Opie. And the respondents deny that Bernard ever averred to Opie that the amount due on the note and book-account had been secured from Meredith, by the respondents to themselves or to any one on their behalf, and that the same had already been or would be paid. And the respondents admit that Meredith failed in business after the new promissory note was made, and before it became due, and that it was protested for non-payment. That they have been informed, and believe, that Meredith executed an assignment of all his estate for the benefit of his creditors; that they are not informed whether Opie is preferred as a creditor therein or not; that the respondents are not preferred therein for the amount of the new promissory note, or for any other amount; that they still retain in their possession, under their control, the new promissory note for collection; that they have endeavoured to enforce payment of the same, but without success," &c. &c.

Error assigned:

The court erred in deciding that the defendant was not entitled under the pleas and notice of special matter to give in evidence the answer filed by the plaintiffs to his bill of discovery.

*Hieskell*, for the plaintiff in error. The question is whether the defence appearing on the face of the plaintiff's answer, is not a good one, and admissible under the defendant's notice of special matter. We contend that the plaintiffs, being agents to collect, by taking a new note in their own name, made the debt their own. It was decided in *Floyd* v. *Day,* (3 *Mass.* 403), where an attorney in payment of a debt received the note of a third person endorsed over to himself, that he was not liable to the principal in trover for the note, but the proper action against him was *assumpsit*, to

recover the money.   The only difference here is, that the plaintiffs took a new note, payable to themselves, giving further time, and surrendered up the old note and account; which is not important.

*P. Morris* and *M'Call*, contra, insisted that the plaintiffs acted in the character of mandatory for the convenience of the defendants, and their undertaking being gratuitous, they were only liable in case of gross negligence, which it was incumbent on the defendants to show.   But neither the notice of special matter nor the answer showed that the plaintiffs could have done better by any other course, or that any loss was occasioned by it.   *Tompkins* v. *Saltmarsh*, (14 *Serg. & Rawle* 275); *Beardslee* v. *Richardson*, (11 *Wend.* 25); *Shiells* v. *Blackburne*, (1 *H. Black.* 161); 5 *Day* 29.   The new note might be endorsed by us over to the defendants, and is as good as if taken to them.   The plaintiffs never refused to deliver it over to them.   If the plaintiffs are responsible, it is only for unliquidated damages for misfeasance as agent, which is not the subject of defalcation as it sounds in tort.   *Nickle* v. *Baldwin*, (4 *Watts & Serg.* 290).   All the actions against a mandatory are special actions on the case, not *assumpsit*, unless where the money has been received.   In *Floyd* v. *Day*, the agent executed a release of the debt, which was not done here.   The plaintiffs received and held the new note as trustees for the defendants, and the answer, which is conclusive, states they took it as agents of the defendants.

*Hieskell*, in reply.   It makes no difference that the agency was voluntary and gratuitous or for the benefit of the defendants.   The agent is bound to his express undertaking.   *Jones on Bailm.* 47, note E.

The opinion of the Court was delivered by

SERGEANT, J.—This was an action of *assumpsit* for goods sold and delivered.   The original debt was not denied, but the defendant alleged that the plaintiffs received from him on account certain claims against a third person in Nashville, Tennessee, consisting of a note to the defendants, then due, and a book-account for a small sum, transferred to the plaintiffs, both of which were received by the plaintiffs for collection; that afterwards the plaintiffs took from the debtor at New Orleans a new note at four months for the whole amount due from him, made payable to the order of the plaintiffs, and thereupon delivered up to him the original note and book-account.   To prove these facts, he offered in evidence the plaintiffs' answer to a bill of discovery, but the court rejected it.   We are of opinion that the evidence ought to have been received.   In itself, the answer, with the bill, was evidence to go to the jury, and there is nothing in the answer which takes away the defence, though the whole of the answer be, as it is

[Opie v. Serrill.]

contended it ought to be, taken together. It is alleged that the undertaking to collect was gratuitous, and therefore the plaintiffs, as agent, were only liable for gross negligence. It is not necessary to examine the law on this head, because whenever an agency is assumed, whether gratuitous or not, the parties are bound by the terms agreed upon between them. *Jones on Bailm.* 101, 114, 115, 116 ; *Story on Bailm.* 137. An agent undertaking to collect a debt placed in his hands, who releases it and takes from the debtor a new note to himself, does, in law, receive payment of the debt, and is at once liable to the principal as if he had received the money. In *Floyd* v. *Day,* (3 *Mass.* 403), an attorney employed to collect a demand, compromised it by receiving a note, (part of which had been paid), specially endorsed to himself; and in an action of trover for the note brought against him, the court say, that when the defendant instead of money received this note, and discharged the debtor, the property of the note was in the defendant, and he became immediately answerable to the plaintiff for the amount of the liquidated damages, which made part of the consideration of the principal, and an action of *assumpsit* was the proper remedy. He must be considered as having made himself liable for the money he ought to have received. In the case before us, the plaintiffs released and extinguished the original debt by a surrender of the note and book-account, and the taking a new note was as much a payment of it, as regards the defendant, as if the plaintiffs had received the money. Having collected the debt, therefore, they must be responsible for it.

Judgment reversed, and a *venire facias de novo* awarded.