James Rees & Sons Company, Incorporated, *v.* Western Exposition Society, Appellant.

*Conversion—Remedy—Actions—Assumpsit—Sale or lease of goods.*

Where personal property of one has been wrongfully taken by an-other and remains in his possession, the owners cannot recover the price or value in an action of assumpsit; but this rule does not apply where the wrongdoer has by sale or lease of the goods, or otherwise, put it out of his power to respond in an action against him for the re-covery of the goods themselves.

Argued May 5, 1910. Appeal, No. 177, April T., 1909, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1903, No. 28, on verdict for plaintiff in

case of James Rees & Sons Company, Inc., v. Western Pennsylvania Exposition Society.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Assumpsit for the value of a gravity railroad.   Before MACFARLANE, J.

At the trial it appeared that the defendant had licensed James A. Griffith to erect and operate a gravity railway upon a portion of its land during an exposition season.   At the end of the season Griffith was in arrears for rent, and did not remove the gravity railway.   Subsequently the defendant leased the land with the gravity railway upon it to other parties.   About a year afterwards the gravity railway was destroyed by fire.   The plaintiff had acquired title to the railway by a bill of sale from Griffith.

Verdict and judgment for plaintiff for $1,400.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*B. J. Jarrett*, with him *Willis F. McCook*, for appellant.—Assumpsit was not the proper remedy: Hindmarch v. Hoffman, 127 Pa. 284; Huntsecker v. Heiney, 11 S. & R. 250; Willet v. Willet, 3 Watts, 277; National Trust Co. v. Gleason, 77 N. Y. 400; Lamine v. Dorrell, 2 Lord Raymond, 1216; Jones v. Hoar, 22 Mass. 285; Satterlee v. Melick, 76 Pa. 62; Bethlehem Boro. v. Fire Co., 81 Pa. 445; York Trust Co. v. Moul, 15 York Leg. Record, 137; Krause v. R. R. Co., 4 Pa. C. C. Rep. 60; Glasscock v. Hazell, 109 N. C. 145; Kidney v. Persons, 41 Vt. 386; Rogers v. Greenbush, 57 Maine, 441; Moody v. Walker, 89 Ala. 619; Berkshire Glass Co. v. Wolcott, 84 Mass. 227; Craig v. Arendale, 113 Ga. 181; Southern Ry. Co. v. Attalla, 147 Ala. 653; Hagar v. Norton, 188 Mass. 47; Mather v. Trinity Church, 3 S. & R. 509; Kier v. Peterson, 41 Pa. 357.

*John S. Ferguson,* for appellee.—Assumpsit was the proper remedy: Balliet v. Brown, 103 Pa. 546; Allen v. Kellam, 94 Pa. 253; Deysher v. Triebel, 64 Pa. 383; Satterlee v. Melick, 76 Pa. 62.

OPINION BY HEAD, J., October 10, 1910:

As the case was submitted to the jury their verdict establishes that there was an actual conversion by the defendant to its own use of the property of the plaintiff. That there was sufficient evidence to warrant such submission and to sustain the verdict of the jury is clearly shown by the learned trial judge in his opinion refusing a new trial and directing judgment to be entered on the verdict. We need not here repeat his analysis of the testimony. There remains but a single question for consideration.

There can be no doubt of the existence of a general rule which in substance declares that where the personal property of one has been wrongfully taken by another and remains in his possession, the owner cannot recover its price or value in an action of assumpsit. The able counsel for appellant has cited a long list of cases in this and other jurisdictions in which the rule has been formulated and its application discussed by eminent jurists. Deysher v. Triebel, 64 Pa. 383; Satterlee v. Melick, 76 Pa. 62; Bethlehem Borough v. Fire Co., 81 Pa. 445; Balliet v. Brown, 103 Pa. 546, are all on this subject and will sufficiently point the way to the earlier precedents which have long since placed the existence of this rule beyond question.

There are, however, and have been long a number of exceptions to the general rule as widely and as completely recognized as the rule itself. Thus where it could be shown that the goods wrongfully converted had been sold, it has been held that the owner might waive the tort and maintain an action of assumpsit for their price. The principle on which the exception appears to rest is that the wrongdoer has by selling the goods asserted in the strongest manner his title to and right of dominion over

them. He has put it out of his power to respond in an action against him for the recovery of the goods themselves. He has voluntarily placed himself in the attitude of one who had bought the goods, and although he did not in fact promise or intend to promise to pay for them, the law makes such promise for him, and it is upon the promise thus raised by the law the plaintiff's right to maintain assumpsit rests. Even where no such sale has been in fact shown, the law has under certain circumstances presumed such a sale and again raised the promise on the part of the defendant to pay just as if the sale had been proven. Such was the case long ago decided by Lord Mansfield where one who had wrongfully gotten possession of a ticket for a masquerade party refused to account for it to the lawful owner of it. In delivering the opinion of the court in that case that famous judge said: "If he sold the ticket and received the value of it, it was for the plaintiff's use because the ticket was his. Now, as the defendant has not produced the ticket, it is a fair presumption that the defendant had actually received the money for the ticket." The plaintiff was permitted to recover.

In Deysher v. Triebel, 64 Pa. 383, Mr. Justice Sharswood uses the following language: "'In many cases,' says Mr. Leigh, 'where the defendant has received goods wrongfully, a contract for the purchase will be inferred, and the plaintiff may waive the tort and recover the amount in an action for goods sold and delivered.' . . . And in Studdy v. Sanders, 5 B. & C. 628, where the vendor of cider-juice to be made on his premises, lent casks to the vendee for the purpose, which were seized through the vendee's fault for a breach of the excise laws, it was held that the vendor might recover the price of the casks as for goods sold." Still further, it has been said that if the goods were of such character that the defendant, after converting them to his own use, had consumed them, a plaintiff might maintain an action of assumpsit for the price.

In Balliet v. Brown, 103 Pa. 546, Mr. Justice CLARK said: "An attachment execution will not lie for a demand founded in tort, as for the detention of chattels; it can only be sustained for a debt arising from contract expressed or implied: Boyer v. Bullard, 40 Legal Int. 302. But where there is a conversion, there is an implied sale, and, waiving the tort, an action of assumpsit for goods sold and delivered can be maintained upon the contract implied; the value is regarded as 'a debt due' within the meaning of the 35th section of the Act of June 16, 1836, P. L. 755."

In the present case it is true it was not shown that the defendant had made an absolute and entire sale of the corpus of the property which was the subject of the litigation, but it had asserted its right to sell it and it had actually sold, for a considerable sum of money, the use of the property for a period of time. In form this was a lease of the property, but the execution of this lease was in substance an exercise of the same power and dominion over the property as if the sale had been complete. The defendant had thus voluntarily put itself in the attitude of one who had acquired the lawful title to the property by purchase, and we can see no reason why the law would not thereupon raise a promise on its part to pay for it. It is also true that the corpus of the property, while the defendant thus held possession of and exercised control over it, was destroyed by fire. But this fact ought not to relieve it from liability on its implied promise any more than did the seizure of the cider casks by the revenue officers in the case already cited. We are of opinion therefore that the facts of this case fairly bring it within the recognized exceptions to the general rule upon which the appellant relies.

We note the statement in the appellee's printed brief that this case has been tried twice in the court below; that the technical defense now relied on was not made at all during the first trial, and that any new action which the plaintiff could now bring would be barred by the

statute of limitations. The able counsel who argues for the appellee frankly states, however, that these facts would not furnish any warrant for the court refusing to apply a well-settled rule of law in a case that clearly invited such action, on the principle of course that hard cases make bad precedents. But in balancing the reasons for and against a proposition that may be fairly said not to be free of doubt, we do not think such considerations should necessarily be entirely disregarded. The assignments of error are overruled.

Judgment affirmed.