Rodgers *v.* Studebaker Sales Company, Appellant.

Argued April 28, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*William A. Walker,* and with him *Wright and Rundle,* for appellant.

*S. H. Huselton,* for appellees.

OPINION BY KELLER, J., July 8, 1931:

The evidence justified a finding by the jury that the defendant's agent had taken away the plaintiffs' automobile for the sole purpose of securing an adjustment on the price, preliminary to a proposed trade-in for a new President eight—it having been appraised in connection with the proposed "trade-in" as a 1926 model instead of a 1927 model, which it had been represented to be when bought by plaintiffs; that without the plaintiffs' knowledge or consent, and in the absence of the completion of said trade-in or exchange, the defendant had sold the plaintiffs' car and refused to pay over or account for its value.

Three legal questions are raised by the appeal.

(1) We have no doubt of the plaintiffs' right of action against the defendant under the facts above stated. The record is not printed in full, but from the part printed, in connection with the pleadings and the charge of the court, it is clear that the automobile in suit was originally sold by the defendant to the plaintiffs under a conditional sales contract in writing; that this contract was assigned by the defendant to Industrial Acceptance Corporation, which financed the transaction and which thereby succeeded to the defendant's rights as seller under the conditional sales contract; that the unpaid balance due by plaintiffs on the purchase of the car was thereafter owing to Industrial Acceptance Corporation and not to the defendant. Hence when plaintiffs delivered the car to defendant's agent for the sole purpose of securing

an adjustment on the price, they were not in debt or default to the defendant, in any amount, and the latter had no legal right or authority to hold it or attempt to retain it for any purpose other than that for which it was received, and if that was not consummated it was bound to return it. Any alleged balance due by plaintiffs to Industrial Acceptance Corporation gave the defendant no right to hold the automobile for the latter's account and certainly none to sell it. The record before us is barren of any evidence that the assignee of the conditional sales contract, to whom plaintiffs were paying the installments of purchase money, ever exercised its right, if any, to declare the buyers—these plaintiffs—in default and take possession of the car under the conditions of the contract.

(2) There is no doubt that the plaintiffs could waive the tort and sue in assumpsit, as was done here: Rees v. Western Exposition Society, 44 Pa. Superior Ct. 381. Where this is done, it seems that the measure of recovery, in strict compliance with the decisions, is the price the defendant received for the article thus wrongly sold by it rather than its market value, since the suit in assumpsit is a tacit ratification of the sale: Lee v. Gibbons, 14 S. & R. 105, 112; Mull v. Penna. R. R. Co., 38 Pa. Superior Ct. 416, 420; Wagner v. Peterson, 83 Pa. 238, 242; Rees v. Western Exposition Society, supra; but see: Opie v. Serrill, 6 W. & S. 264; Paul v. Grimm, 165 Pa. 139, 149; but three things prevent our reversing the judgment on this account: (a) Defendant refused to tell plaintiffs what it received from the sale of the car; (b) the case was tried in the court below, on both sides, on the theory that the measure of damages, if plaintiffs were entitled to recover, was the market value of the car at the time of sale—the defendant's seventh point specifically so affirms. Its present claim as to the measure of damages being incorrect seems to have been an afterthought following verdict; (c) the verdict was for less

than the selling price of the car. Plaintiffs were not charged with defendant's unauthorized application of the proceeds; no authority was shown for any payments made by defendant, attempting to act on plaintiffs' behalf, out of the proceeds of sale. Implied ratification of the sale did not carry with it ratification of the defendant's disposition of the proceeds.

(3) We think the competency of Quinn, who testified for plaintiffs on the value of the car, was sufficiently established. An expert in the used car field may be competent to give evidence as to the value of a car in a hypothetical condition, even though he never saw the car itself. But in view of what we said above in 2 (c), it is not very material.

There were disputed questions of fact which were fairly submitted to the jury. The court below did not think their finding was so contrary to the weight of the evidence as to require a new trial, and we find no abuse of discretion in its action refusing to grant one.

The assignments of error are overruled and the judgment is affirmed.