## Roesch *v.* Mark et ux., Appellants, et al.

Argued December 7, 1943. Before BALDRIGE, STADT-FELD, RHODES, HIRT, KENWORTHEY, and RENO, JJ. (KELLER, P. J. absent).

*Calvin F. Smith,* for appellants.

*William C. Fulmer,* for appellee.

OPINION BY RENO, J., January 27, 1944:

Appellants, Max and Sadie Mark, husband and wife and tenants by the entireties, leased their store-room property to Charles Lowy and Benjamin B. Gorelick. They subsequently entered judgment against their lessees for unpaid rent under a confession of judgment contained in the written lease, issued execution thereon, and levied upon a refrigerated show case upon the demised premises. The show case was claimed by Alfred R. Roesch as a conditional sales vendor. An issue was framed under the Sheriff's Interpleader Act

of June 22, 1931, P. L. 883, 12 PS §2358, et seq., in which Roesch became plaintiff and appellants, with Lowy and Gorelick, defendants. The case was submitted to a jury which returned a verdict for the plaintiff. The Marks moved for judgment n.o.v. and a new trial, and from the refusal of the court to enter judgment for them they appealed.

The show case was installed under a written agreement which admittedly effected a conditional sale. It was not filed in the prothonotary's office at any time. Consequently, it was "void as to any purchaser from or creditor of the buyer who, without notice of such provision, [reserving property in seller], purchases the goods or acquires by attachment or levy a lien upon them": Act of May 12, 1925, P. L. 603, §5, 69 PS §402. Plaintiff undertook to show that the Marks had actual knowledge and notice of the reservation of title in the seller; and one question raised here is whether the evidence is sufficient to support the verdict.

Plaintiff introduced a document signed on May 3, 1940, by Mrs. Mark titled "Landlord's Waiver", reading in part: "The undersigned landlord . . . . . . hereby agrees that the equipment and appurtenances described in a certain contract of conditional sale, chattel mortgage or lease entered into between Benj. Gorelick and Tri-City York Co., [appellee's trade name], dated 4/16/40, shall be exempt from distraint and levy for any rent now or hereafter due or to become due for said premises until the terms and conditions set forth in said contract, mortgage or lease have been fully complied with." It was admitted against Mrs. Mark only. There are no Pennsylvania authorities relating to the effect of this form of waiver, and appellants, because the waiver does not explicitly state that title is reserved by the seller, urge us to hold, relying upon *Commercial Credit Corp. v. Smith,* 108 N. J. L. 94, 148 A. 756, that the waiver was improperly admitted. In that case, the Court of Errors and Appeals of New

Jersey, by a divided court, held that to defeat the rights of an execution plaintiff it must be shown that he had knowledge or notice "not only of the existence of the [conditional sale] contract, but of the provision thereof reserving property in the seller". The notice in that case was verbal; the judgment creditor did not sign a waiver, as here, declaring that the property shall be "exempt from distraint and levy for rent". The New Jersey case is of no value in the decision of the case at bar. The waiver was properly admitted; it was accompanied by plaintiff's testimony that before Mrs. Mark signed the document he explained to her the nature of the conditional sales agreement between him and her tenants. In connection with the conversation, it was relevant upon the issue whether she had knowledge of the provisions of the agreement.

In addition, plaintiff introduced testimony concerning other conversations with the Marks showing that both had knowledge that the show case did not belong to their tenants but was the property of plaintiff. Sometime in July or August, 1941, when rent was in arrears, Lowy and his daughter, wife of Lowy's co-tenant, Mrs. Lillian Gorelick, who worked in the store, saw the Marks in their apartment and, so both testified, told them that the show case belonged to plaintiff, and that the Marks replied that they knew it. At another time, Mrs. Gorelick testified, when the Marks called at the store for their rent, she told them she could not then pay it because an instalment was due upon the show case. This testimony was submitted to the jury in a charge to which only a general exception was taken. The testimony, considered as a whole, was sufficient, in our judgment, if believed by the jury, to establish the fact that, although the conditional sales agreement was not filed, the landlords had actual knowledge before they issued execution that title to the show case was in plaintiff.

The lease between the Marks and their tenants pro-

vided, inter alia, "The title to all personal property placed upon the premises herein leased is warranted to be in the lessee," following which are the usual provisions against removal of goods from the premises while rent is due. Appellants contend that this clause estopped Lowy from denying that he had title to the property and, therefore, his testimony should not have been submitted to the jury. Doubtless, in any controversy between the Marks and Lowy, as to the ownership of the property, he would be estopped by his warranty; but if, in a contest between his landlords and a third person, not a party to the lease, he chooses to admit, notwithstanding his warranty, that title was in plaintiff, his testimonial competency cannot be successfully challenged. Conceivably, his credibility might thereby be affected, but certainly not his competency.

After it was executed, plaintiff assigned the conditional sales agreement to Commercial Credit Corporation which reassigned it to plaintiff after the sheriff had levied upon the show case. Appellants argue that plaintiff, in order to recover, must have title in himself on the day of the levy and cannot file an interpleader claim or recover upon an after-acquired title. However, he had title under the reassignment on the day he filed his claim under the Sheriff's Interpleader Act, supra, and this was sufficient. Whatever rights Commercial Credit Corporation had at the time of the levy passed to plaintiff as assignee and he could utilize all the remedies available to it: *Rodgers v. Studebaker Sales Co.*, 102 Pa. Superior Ct. 402, 157 A. 6; *Beaver Trust Co. v. Morgan*, 259 Pa. 567, 103 A. 367.

Finally, appellants invoke the Act of June 2, 1933, P. L. 1417, §1, 12 PS §2178, allowing an exemption from levy and sale of household goods for unpaid rent only if written notice thereof is given by the conditional sales vendor to the landlord within the time therein specified. The act does not apply here; no household goods are involved.

Judgment affirmed.