## Frazee, Appellant, *v.* Morris.

Argued April 18, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*E. D. Brown,* for appellant.

*W. F. Lane,* of *Whitehill & Lane,* for appellee.

OPINION BY RENO, J., July 15, 1944:

The landlord, appellee here, leased his farm for mining purposes to Elias J. Nassar who brought and used thereon a steam shovel owned by appellant. Appellee issued a landlord's warrant for rent due, and the bailiff seized the steam shovel. Appellant instituted replevin and at the trial, both sides having agreed that there was no question of fact to be submitted to the jury, the trial judge directed that it return a verdict for appellant upon the condition that he pay appellee $290.72, the amount of the rent. Upon appellant's motion for an unconditional verdict, the court en banc, one judge dissenting, sustained the trial judge and this appeal followed.

There is no dispute about the controlling facts. Appellant leased his steam shovel to Nassar. There is no statutory or decisional law exempting steam shovels from distraint, and ordinarily the landlord could distrain and sell it as the personal property of a third

person found upon his premises: *Reinhart v. Gerhardt,* 152 Pa. Superior Ct. 229, 31 A. 2d 737. However, the lease between appellee and Nassar provided: "Lessor hereby waives any right or remedies he may have, under any law now in force or to be hereafter enacted, for the enforcement of collection of any rents, royalties and damages in default under the terms hereof against any machinery or equipment for stripping and loading said coal not the property of lessee: Provided, however, that written notice that the same does not belong to the lessee shall be given lessor at the time said machinery and equipment is moved on the lessor's premises." No written notice was given to appellee by either Nassar or appellant. Nassar never gave even a verbal notice to appellee. Called as a witness for appellee, Nassar testified: "No, I didn't notify him [appellee]. I told him it was my shovel. That is what I had in mind. I bought the shovel." Clearly, as between Nassar and appellee, the parties to the lease, there was no waiver. Appellant, however, contended, and undertook to show, that there was a waiver as between appellant and appellee.

To support that contention appellant relies upon the testimony of D. Ray Hayden and Adrian Frazee. They had formerly owned the steam shovel, and sold it to appellant. Hayden testified that on the evening of the day when appellant leased the shovel to Nassar, and before the shovel was placed upon appellee's premises, he met appellee on the street, and, in the course of a conversation in which appellee tried to sell Hayden an automobile, Hayden said: "Told him [appellee] the transaction I had with Mr. Frazee in *selling* the shovel and he in turn had *leased* it to Mr. Nassar and that if Mr. Nassar made the payments why I would be interested in buying an automobile." Adrian Frazee, a son of appellant, testified that he heard the conversation between Hayden and appellee and that "Mr. Hayden said that *he had sold the shovel to Mr. Nassar, or leased it,* him and my father, and that when he paid

for it he would trade his automobile in on a better one."
(Italics supplied). We note in passing the startling
difference between the two versions of the conversation;
according to Hayden, he told appellee that he, Hayden,
*sold* the shovel to appellant who leased it to Nassar;
according to Adrian Frazee, Hayden told appellee that
he, Hayden, had *sold or leased* the shovel to Nassar. Be
that as it may, there is no evidence that Hayden and
Adrian Frazee were acting for appellant as his agents
or even as his messengers. Certainly, appellee had no
knowledge that they were agents for appellant and, in
the absence of such knowledge, an express waiver and,
a fortiori, a waiver by silence, could not be created: Cf.
*McKinney v. Snyder,* 78 Pa. 497. And what is vitally
important, there is no evidence whatever that Hayden
or Adrian Frazee reported this conversation to appel-
lant before Nassar moved the steam shovel upon ap-
pellee's premises.

"Waiver is essentially a matter of intention, and to
establish it there must be some declaration or act from
which the insured [appellant] might reasonably infer
that the insurer [appellee] did not mean to insist upon
a right *which because of a change of position induced
thereby* it would be inequitable to enforce" (Italics
supplied): *Freedman v. Providence Washington Ins.
Co.,* 175 Pa. 350, 360, 34 A. 730. "To constitute a waiver
there must be some affirmative act on the part of the
party affected showing that he so intended or acts
amounting to an estoppel on his part": *Kahn v. Ban-
camerica-Blair Corp.,* 327 Pa. 209, 214, 193 A. 905.
One who stands upon a waiver or an estoppel is obliged
to show by clear, precise and unequivocal evidence that
he had knowledge of the acts of his adversary and was
misled thereby: *Peoples National Bank v. Bartel,* 128
Pa. Superior Ct. 128, 193 A. 59. When the material
facts are established or not disputed, it is for the court
to determine as a matter of law whether a waiver or
estoppel has been made out: *General Electric Co. v. N.*

*K. Ovalle, Inc.*, 335 Pa. 439, 6 A. 2d 835.

These authorities expose the fatal weakness in appellant's case. For, even if appellee's silence when informed by strangers or volunteers about the ownership of the shovel in a conversation which dealt primarily with the sale of automobiles were held to be a waiver, it is clear that appellant, since it was not shown that he had knowledge of the conversation, could not have been misled thereby, was not thereby induced to omit the written notice, and did not, in reliance upon any statement or conduct of appellee, permit the shovel to be placed upon appellee's premises.

Appellant also relies upon *Roesch v. Mark*, 154 Pa. Superior Ct. 188, 35 A. 2d 774, but he fails to recognize its underlying principle. In that case, the landlords did not issue a distress warrant; they entered the judgment for rent confessed in the lease and issued execution thereon; and, therefore, they were judgment creditors who could not levy upon and sell the goods of a stranger found upon the premises: *Liquid Carbonic Co. v. Truby*, 40 Pa. Superior Ct. 634. The conditional sales vendor in the ensuing interpleader proceedings contended that, although he had not recorded his conditional sales contract, the landlords had actual knowledge of it. This was established by the verdict of the jury. The case, therefore, is authority for the proposition that where a judgment creditor, *not a landlord proceeding upon a distress warrant,* has actual knowledge that personal property is possessed by his judgment debtor under an unrecorded conditional sales contract, he cannot sell it *as the property of the judgment debtor.* Here, the personal property of a stranger found upon the landlord's premises is involved, and it was incumbent upon appellant to establish more than appellee's mere knowledge of the fact of ownership; he was obliged to show either written notice to appellee or a waiver by appellee of that requirement; and that he acted in reliance upon the waiver. This he failed to prove.

Judgment affirmed.