**Bollinger v. Palmerton Area Communities Endeavor, Inc.**

*Sidney R. Webb,* for plaintiffs.
*Dower, Mackson, Hauff & Hettinger,* for defendant.

HEIMBACH, P. J., June 21, 1973.—In determining the matter before us, we are to be guided by the following established principles of law once again reiterated in Watson v. Zanotti Motor Company, 219 Pa. Superior Ct. 96, 98:

" 'In considering the demurrer, every well-pleaded material fact set forth in the complaint, as well as all inferences reasonably deducible therefrom, must be taken to be admitted.

" '[i]n determining whether a demurrer should be sustained and the complaint dismissed the question is whether, on the facts averred, the law says with certainty that no recovery is possible.

" '[I]f there is any doubt as to whether the demurrer should be sustained, such doubt should be resolved in favor of refusing to [sustain the demurrer].' "

Summarized, plaintiffs' amended complaint states:

That they donated a 16-acre tract of land to defendant in 1960 under a written agreement[1] that provided

---

[1] "THIS AGREEMENT made and entered into this 14th day of December, 1960, between PALMERTON AREA COMMUNITIES ENDEAVOR, INC. a non-profit corporation existing under the laws of the Commonwealth of Pennsylvania, with its principal office in the Borough of Palmerton, County of Carbon and State of Pennsylvania, hereinafter called 'CORPORATION'; and

"RUSSELL J. BOLLINGER, CLARENCE E. BOLLINGER, HARVEY V. BOLLINGER and LLOYD BOLLINGER, co-partners trading as BOLLINGER BROTHERS, of the Township of Lower Towamensing, County of Carbon and State of Pennsylvania, hereinafter known as 'BOLLINGER BROTHERS':

"WHEREAS, the BOLLINGER BROTHERS are about to convey, at no cost to the Corporation, a certain tract of land located in Lower Towamensing Township, Carbon County, Pennsylvania, to the Corporation; and

"WHEREAS, Bollinger Brothers are desirous of attaching certain conditions to such transfer, so that the land is properly used for the purposes for which it is being donated; and

"WHEREAS, the Corporation is desirous of acquiring certain property rights in relation to said property transfer.

"NOW, THEREFORE, in consideration of the mutual promises herein set forth, and each party intending to be legally bound, it is mutually agreed between the parties hereto as follows:

"THAT the Bollinger Brothers agree to transfer to the Corporation a tract of land in Lower Towamensing Township, Carbon County, Pennsylvania, consisting of approximately sixteen (16) Acres, said tract being a part of the premises conveyed to the Bollinger Brothers by Dennis F. Green and his wife, Mary A. Green, which deed was placed on record in the Office of the Recorder of Deeds in and for Carbon County on March 31, 1960.

" . . .

"IT IS FURTHER UNDERSTOOD by and between the parties hereto, that the property so transferred to the Corporation shall be used only for industrial development purposes. The use or attempted use of this property for any other purpose will give to the Bollinger Brothers, the right to defeat this conveyance. It is further specifically provided that in the event any of the property therein conveyed is not being used for industrial development purposes and is condemned by the right of eminent domain by any governmental or municipal authority, the damages for such condemnation shall remain the property of Bollinger Brothers and any right of action, legal or otherwise, arising out of said condemnation, shall remain the right of action and legal remedy of the Bollinger Brothers.

"Industrial purposes as set forth in this section shall mean land used for any tenant acquired by the Corporation, or land used as the right of way to any land, whether within or without the description aforementioned, or any purposes whatsoever which is in furtherance of the purposes as set forth in the Articles of

they would have the right to defeat the conveyance if the land was used for any other than industrial purposes and the purposes provided in the articles of incorporation.[2] Likewise, if any part of the land thus

Incorporation Purpose Clause of Palmerton Area Communities Endeavor, Inc.

". . .

"IN WITNESS WHEREOF, the parties hereto have hereunto placed their hands and seals the day and year first above written.
"PALMERTON AREA COMMUNITIES ENDEAVOR, INC.
By: /s/ GORDON R. REESE President
/s/ RUSSELL J. BOLLINGER
/s/ CLARENCE E. BOLLINGER
/s/ HARVEY B. BOLLINGER

Lloyd Bollinger
Co-partners trading as BOLLINGER BROTHERS."

[2] "To promote the economic development of the Palmerton trade area and for that purpose, in order to create employment in this area, to purchase, lease, take in exchange, or otherwise acquire, lands or interests therein, together with any buildings or structures that may be on the said lands or any of them, and to sell, lease, exchange, or otherwise dispose of the whole or any part or portion of the lands, and all or any part or portion of the buildings or structures that now or may hereafter be erected by the said corporation thereon, and to take such security therefor as may be deemed necessary; to erect buildings and to deal in building materials; to take or hold a mortgage or mortgages for any unpaid balance of the purchase money or any of the afore-mentioned lands or its buildings or structures so sold; and to sell or otherwise dispose of said mortgages; to improve, alter, manage and administer said lands and buildings, to guarantee and other-wise assist in the performance of contracts or mortgages of any persons, firm or corporation with whom the corporation may have dealings; and to assume and take over such mortgages or contracts in default, and to that end to acquire, hold, own or dispose of any or all property, assets, stocks, bonds and rights-of-way of any kind; and to sell such bonds or their certificates of indebtedness as are necessary to accomplish the purposes as herein set forth; and to sell and issue such shares of stock as are necessary to accomplish the purposes as herein set forth; and to do all and everything necessary, suitable and proper, for the accomplishment of any of

not being used for industrial purposes was condemned, they would be entitled to receive the proceeds.

In 1968, defendant conveyed a right-of-way to Pennsylvania Power & Light Company for $19,000. Plaintiffs claim the proceeds, alleging such conveyance was not for industrial purposes.

Defendant states in its brief the questions presented for determination are these:

1. Does defendant's grant to Pennsylvania Power & Light Company of the aforesaid right-of-way constitute any purpose whatsoever which is in furtherance of the purposes as set forth in defendant's Articles of Incorporation?

2. Where the contract between plaintiffs and the defendant defines "industrial purposes," inter alia, as land used as the right of way to any land, whether within or without the conveyed premises, does defendant's grant of a right-of-way to Pennsylvania Power & Light Company constitute an "industrial purpose"?

3. Where the contract between plaintiffs and defendant permits plaintiffs to recover monetary compensation only when land is not used for industrial purposes and is condemned by the right of eminent domain by any governmental or municipal authority, does the voluntary grant of a right-of-way to Pennsylvania Power & Light Company constitute a condemnation by a governmental or municipal authority?

The agreement clearly shows plaintiffs donated this land for the purposes for which the corporation was

the purposes, or the attainment of any of the objects, or the furtherance of any of the powers hereinbefore set forth, either alone or in association with other corporations, firms or individuals, and to do every other act or acts, thing or things, incidental or appurtenant to or growing out of or connected with the powers of said corporation, as herein described, or any part or parts thereof, provided,however, that the same shall not be inconsistent with the laws under which this corporation is organized."

formed, viz, to bring employment into the area by making lands and buildings available to employers: Footnote 2, supra. The agreement likewise clearly shows that plaintiffs intended that if the lands were not used for the purposes for which the land was donated, they had the right to have the property donated reconveyed to them. The agreement likewise specifically provided that if any part of the land was taken by a condemnation proceeding, the proceeds therefrom belonged to plaintiffs.

We adopt the statement of the court in Unit Vending Corporation v. Lacas, 410 Pa. 614, at 617, viz.:

"The intention of the parties is paramount and in construing such a contract, the court will adopt the interpretation, which under all of the circumstances of the case, ascribes the most reasonable, probable and natural conduct of the parties, bearing in mind the objects manifestly to be accomplished:" (citing cases).

Likewise see Robert F. Felte, Inc. v. White, 451 Pa. 137.

Plaintiffs' vague allegation in their complaint that the right-of-way conveyed to Pennsylvania Power & Light was not for industrial purposes was clarified at argument. There is no dispute that the right-of-way was intended to be and is being used by Pennsylvania Power & Light as a power trunk line and furnishes no electricity to the premises.

This use of the land by Pennsylvania Power & Light, albeit for industrial purposes as far as Pennsylvania Power & Light is concerned, is clearly not in furtherance of defendant's purposes as set forth in the articles, nor as an intended use of the land under the agreement.

It is not enough that a right-of-way granted by defendant corporation is used for industrial purposes. It meets the conditions of the agreement only if such

industrial purpose is in furtherance of the purposes as set forth in the articles of incorporation purpose clause of Palmerton Area Communities Endeavor, Inc., viz.:

*"To promote the economic development of the Palmerton trade area and for that purpose, in order to create employment in this area* to [do the following] . . ."* (Italics supplied.)

The grant of the right-of-way to Pennsylvania Power & Light does not, in any fashion contemplated by the parties, promote the economic development of the Palmerton trade area nor create employment in this area. It may be argued as logically that such trunk power line has the opposite effect by making other areas available for industrial development to the disadvantage of the Palmerton area.

This disposes of questions one and two.

For the reason hereinafter stated, we need not decide whether the voluntary grant of the right-of-way to Pennsylvania Power & Light is tantamount to a condemnation by it, nor whether the provision in the agreement for plaintiffs' right to the proceeds in the case of a condemnation by a governmental or municipal authority equally applies to a condemnation by Pennsylvania Power & Light. These questions might arise upon proof that the voluntary conveyance was made to avoid condemnation proceedings.

Plaintiffs, however, are not confined to proving an intentional avoidance of a condemnation proceeding by defendant to be entitled to the proceeds from the sale of the right-of-way. Neither are they relegated to exercise the option under the agreement to defeat the conveyance. They are entitled to damages upon proving that defendant breached its agreement. Pennsylvania Power & Light acquired the right-of-way without knowledge of plaintiffs' interest. Obviously,

plaintiffs have no remedy against Pennsylvania Power & Light.

For a breach of contract, plaintiffs have the option to waive the tort and sue in assumpsit. The measure of damages is the price defendant received for the land wrongfully sold rather than its market value, since the suit in assumpsit is a tacit ratification of the sale: Rodgers v. Studebaker Sales Company, 102 Pa. Superior Ct. 402; Montour Furniture Co. v. Sakolsky, 125 Pa. Superior Ct. 512.

Wherefore, we enter the following

### ORDER

Now, to wit, June 21, 1973, defendant's preliminary objections are dismissed and defendant is directed to answer plaintiffs' amended complaint within 20 days hereafter, on penalty of a default judgment being entered against it.