516 A.2d 445

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Petitioner *v.* George Venesky, Respondent.

Argued September 11, 1986, before Judges CRAIG, COLINS and PALLADINO, sitting as a panel of three.

*Sharon E. Holley,* Assistant Counsel, with her, *Eileen S. Maunus,* Assistant Counsel, and *Gary F. Di-Vito,* Chief Counsel, for petitioner.

*Thomas Rozycki,* for respondent.

Opinion by Judge Colins, October 22, 1986:

The Pennsylvania Liquor Control Board (Board) appeals the decision of the State Civil Service Commission (Commission) which overruled the action of the Board in the non-selection of George J. Venesky (respondent) for promotion to the Enforcement Officer 4 Classification. The Commission further ordered, based upon principles of equitable estoppel, that the Board, in effecting its next promotion, promote petitioner to Enforcement Officer 4 Classification in any county for which petitioner indicated his availability.

In any action challenging non-selection, the party seeking to prove discrimination has the burden of proof pursuant to 4 Pa. Code §105.16(a). Respondent alleges, in part, that his active participation as a Commissioned Officer in the Pennsylvania Army National Guard was a contributory factor in his not receiving the promotion at issue.

The record reflects that respondent was and still is employed by the Board as an Enforcement Officer, grade III, assigned to the Wilkes-Barre Office, Luzerne County, Pennsylvania.

At all times relevant hereto, Mr. John Hale was Director of the Bureau of Enforcement for the Board. One of his responsibilities was nominating and presenting appointments and transfers. All such recommendations were subject to the approval of the Board. Respondent testified that from approximately March of 1983, Mr. Hale made various representations that respondent would, presumably through Mr. Hale's efforts, be promoted to the Enforcement Officer 4 position as supervisor of the appointing authority's Enforcement District 2 in Wilkes-Barre.

On May 25, 1983, two supervisory promotions without exam were voted on by the Board at an open meeting. Respondent was one of those promoted. Immediately thereafter, the Board decided to hold up the promotions. On June 9, 1983, the Board took official action and rescinded all promotions made in order to await completion of a Civil Service competitive examination.

Respondent indicated that he verbally learned of the May 25, 1983, promotion through a member of the Board's clerical staff. On May 27, 1983, the respondent was informed by Mr. Hale that the promotions were being held up. Respondent never received formal notification that he had received a promotion. Respondent testified that when Mr. Hale informed him of the rescission of the promotion, he also said that there was no problem and that he would take care of it.

In June of 1983, all exams were scheduled and held for the enforcement officer promotions. Respondent took part in the examination procedure. After the results of the Civil Service examination were tabulated, lists of eligible candidates were requested from the Commission. The lists contained names of enforcement officers, including the respondent, who were eligible for promotion.

The two vacancies expanded to four by the time the promotions with exam were to be made. The Bureau of Enforcement decided to fill the four supervisory positions in the order that they had become vacant. The Enforcement Bureau, based on operational needs, determined who was the best qualified employee for each of the openings. Thereafter, each eligible worker was canvassed to determine whether he was available for a particular locale.

Respondent was canvassed by Robert Israel, the Assistant Director of the Bureau of Enforcement. The position in Williamsport was the oldest and the first to be filled. When canvassed, Mr. Israel testified that the respondent indicated that he wanted to stay in Wilkes-Barre since he was close to Indiantown Gap where he served in the military, and his wife's career was progressing in Wilkes-Barre. During Mr. Israel's canvassing for availability, no statements were made to respondent regarding a promotion in Wilkes-Barre.

Both Mr. Israel and Mr. Hale testified as to the consideration which led them to determine that respondent would be better suited for the smaller district in Williamsport, rather than Wilkes-Barre. Periodically, between April, 1983, and December, 1983, respondent had been placed on temporary assignment in Wilkes-Barre as Supervisor. Based on respondent's performance record while on temporary assignment, it was determined that respondent would be better suited for the smaller district of Williamsport. Respondent, however, stated that he was not available for a position in Williamsport. Thus, ultimately, Mr. Hale was going to recommend the respondent for Williamsport rather than Wilkes-Barre.

After telephone waivers of positions were received from the individuals canvassed, Robert Molin of the Bureau of Personnel sent out written waivers to confirm

the telephonic communications. Mr. Molin indicated that the written waiver was only a housekeeping detail on his part. Respondent filed his written waiver with the Board, consistent with his oral waiver. Respondent waived all locales except for Wilkes-Barre. Subsequent to the respondent's telephone waiver, but prior to the Board's receipt of his written waiver, another candidate was promoted to Supervisor IV in Wilkes-Barre.

In its decision in *Hauptmann v. Department of Transportation,* 59 Pa. Commonwealth Ct. 277, 283, 429 A.2d 1207, 1210 (1981), this Court held that the doctrine of estoppel may be applied to a Commonwealth agency, in cases in which (1) it has intentionally or negligently misrepresented some material fact, (2) knowing, or having reason to know, that another person will justifiably rely on that misrepresentation, and (3) where that other person has been induced to act to his detriment because he did justifiably rely on that misrepresentation.

Of course, respondent argues that he justifiably relied on Mr. Hale's alleged misrepresentations about recommending him to the Wilkes-Barre position and that this justifiable reliance caused him to act to his detriment by waiving the Williamsport locale. We disagree.

One who asserts estoppel must establish the essential elements thereof by clear, precise, and unequivocal evidence. *Frazee v. Morris,* 155 Pa. Superior Ct. 320, 38 A.2d 526 (1944). Mere argument or doubtful inference is insufficient to establish estoppel. First, Mr. Hale denied ever having made any of these statements. Nonetheless, the respondent's testimony as to the representations regarding promotions was found credible by the Commission. Even assuming arguendo that Mr. Hale did make these statements, the respondent's reliance on them was not justifiable. At the time that

this incident occurred, the respondent had been employed by the Board for approximately twelve (12) years. Testimony at trial established that respondent certainly knew, or should have known, how promotions were effected. Even if Mr. Hale had made these statements and had wanted to have respondent promoted, he simply did not have the authority to do so. Mr. Hale's role was to make recommendations to the Board. The members of the Board then had to vote on whether or not to actually recommend to the Commission that the employee be promoted. Under the doctrine of estoppel, it is essential that a party have a right to rely on the representation and if such person is put on notice that the facts may be otherwise than as originally represented, he cannot be said to have so accepted and relied on the representation. The only incontrovertible evidence offered with regard to a promotion in Wilkes-Barre was a statement made by Mr. Hale prior to the Board's promotion recision in June, 1983. Thereafter, numerous intervening factors became known to the respondent, and he was no longer justified in continuing to rely on any statements that might have originally been made by Mr. Hale.

After the respondent learned of the Board's decision to promote in May, 1983, several events occurred. First, respondent was informed verbally that the promotions were held up. Second, the Board officially rescinded its promotion decision on June 9, 1983, in an open meeting. Third, the Board's initial promotions were never sent to the Commission for certification and the Civil Service examinations were scheduled and completed by applicants in June of 1983. Fourth, at the time of the promotions with examination in December, 1983, the number of openings increased from two positions to four positions. Additionally, the respondent was canvassed in December of 1983 by Robert Israel con-

cerning his availability for Williamsport. Finally, respondent was never canvassed, nor did he inquire about a position in Wilkes-Barre in December of 1983.

One who claims estoppel must show that he himself exercised good faith and due diligence to ascertain the truth. 28 Am. Jur. 2d §147. Respondent did not even question Mr. Israel regarding a position in Wilkes-Barre when he was being canvassed as to Williamsport.

In *Central Dauphin School District v. Department of Education,* 63 Pa. Commonwealth Ct. 48, 437 A.2d 527 (1981), this Court found that the party claiming harm knew that the individual making representations could not make the final decision, rather that his decision had to be reviewed by other individuals. For that reason, we held that the doctrine of estoppel would not apply. Similarly, respondent knew, or should have known, that Mr. Hale had no authority to effectuate promotions, rather that it was the Board and, thereafter, the Commission who effectuated promotions.

Based on all of the intervening factors contrary to the inevitability of a promotion in Wilkes-Barre, respondent cannot be said to have been justified in his belief that he was assured a promotion.

Furthermore, one asserting estoppel must prove that he changed his position to his detriment. There is nothing in the record to establish that the respondent would have been available for a position in a location other than Wilkes-Barre had he not relied on Mr. Hale's alleged statements. He had the burden of establishing that prior to the alleged statement he planned on making himself available for locations other than, and in addition to, Wilkes-Barre. There is nothing on the record which suggests that this is the case; quite the contrary, there was every indication that he had good reason to want to remain in Wilkes-Barre, such as his wife's taking a permanent position there. Additionally, even if re-

spondent had not waived the other locales, there is no guarantee that he would have been promoted to one of those. Thus, we conclude that the Commission's findings that respondent justifiably relied on Mr. Hale's alleged statements and that he changed his position to his detriment are unsupported by substantial evidence. Having so concluded, we need not reach the issue of whether or not the Commission erred in fashioning a remedy.

For the aforementioned reasons, the order of the State Civil Service Commission is hereby reversed.

ORDER

AND NOW, this 22nd day of October, 1986, the order of the State Civil Service Commission, No. 5023, dated October 24, 1985, is hereby reversed.

---

DISSENTING OPINION BY JUDGE CRAIG:

Essentially factual questions were involved in the State Civil Service Commission's determination that representations by the Director of Enforcement of the Liquor Control Board caused Respondent Venesky to forego contesting the board's recission of its May 25, 1983 action promoting him, and also caused him to waive the Williamsport opening and adhere to the Wilkes-Barre vacancy prospect. Acceptance of the testimony of the Director of Enforcement, or of the opposing testimony of Respondent Venesky, turned on the matter of whom to believe, and the Commission, as the factfinder, has the exclusive power to make that credibility choice, rather than this court.

Accordingly, the decision should be affirmed.