# Weidman, Appellant, *v.* Rieker.

*Landlord and tenant—Distress—Leased furniture—Hotel—Subletting.*

1. Furniture leased by the owner thereof to the keeper of a boarding house or hotel, who uses it for the purposes of his business, is subject to be distrained for rent due the owner of the building during the term of the tenant and while on the demised premises; and it is immaterial that at the time of the distress a subtenant, and not the tenant, was in possession.

2. The goods of a subtenant, or assignee of the tenant, who has not been recognized as such by a landlord, are, while upon the demised premises, liable for distress for rent due under the terms of the lease.

Argued Nov. 9, 1909. Appeal, No. 21, Oct. T., 1909, by plaintiff, from judgment of C. P. Lancaster Co., March T., 1908, No. 11, for defendant non obstante

veredicto in case of P. W. Weidman v. Frank J. Rieker, Manager, and M. T. Zeigler, Sheriff. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Replevin for furniture of a hotel. Before HASSLER, J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*B. F. Davis*, for appellant.—The tenant or owner, may issue the writ of replevin for goods distrained upon: Walsh v. Phila. Bourse, 32 Pa. Superior Ct. 348; Esterly Machine Co. v. Spencer, 147 Pa. 466.

The property of a tenant holding by a renewed lease, is not subject to be distrained by the landlord for the payment of the arrears of rent for the previous year, if a third person has acquired an interest in the property: Beltzhoover v. Waltman, 1 W. & S. 416; Clifford v. Beems, 3 Watts, 246.

The lease between Weidman and Minnich, the first tenant, was a bailment. It was annulled: Wetherill v. Gallagher, 217 Pa. 635.

*John E. Malone*, for appellee.—As a general rule, to which there are some exceptions in the interests of trade, etc., the goods of a stranger, on the demised premises, are liable to distress for rent: Kessler v. McConachy, 1 Rawle, 435; Price v. McCallister, 3 Grant, 248; Beltzhoover v. Waltman, 1 W. & S. 416; Karns v. McKinney, 74 Pa. 387; Whiting v. Lake, 91 Pa. 349. This includes furniture leased to a tenant, Myers v. Esery, 134 Pa. 177.

This being an action of replevin, appellant, before he was entitled to recover, was bound to show not only property in himself, but also a right of possession: Lester v. McDowell, 18 Pa. 91; Lee v. Gould, 47 Pa. 398; Morris on Replevin, 76; Harlan v. Harlan, 15 Pa. 507.

OPINION BY PORTER, J., October 10, 1910:

Rieker, the appellee, leased to I. B. Minnich a hotel, for the term of eight months, beginning August 1, 1907, and ending April 1, 1908. The liquor license for the hotel was in the name of Minnich, who on February 8, 1908, joined in procuring an order of the court transferring the license to H. E. Romig. Minnich had failed to pay the rent due his landlord under the lease and Rieker, on February 8, 1908, the same day on which Minnich had procured the license to be transferred, placed in the hands of the sheriff a landlord's warrant, with direction to proceed to collect the rent by distress. The sheriff, on February 10, 1908, under the warrant, distrained the furniture of the hotel found upon the leased premises. The claim of the landlord was made out against Minnich, and the warrant issued against him. The plaintiff, Weidman, re-plevied a part of the furniture and now asserts that it was not legally liable to distress for rent. The plaintiff in support of his claim to the property in question pro-duced testimony tending to establish the following facts: He had leased the furniture to Minnich under a written agreement which required the latter to pay a certain monthly rental and provided that after a certain amount of rent was paid the bailee might demand a bill of sale for the property. Minnich used the furniture in the hotel business for several months, and on February 7 told the plaintiff that he was going to leave the hotel and would leave the furniture in the rooms in which it had been dur-ing the time he used it. Minnich left the hotel on the evening of February 8, the day the license was transferred. Romig, the transferee of the license, went into possession of the hotel on the morning of Monday, February 10, and at an early hour that morning the plaintiff went to the hotel and entered into a new written agreement with Romig, leasing the furniture in question to the latter, at a given rental per month and providing that when a cer-tain amount of rent had been paid Weidman should execute a bill of sale for the property to Romig. There was

a question, under the evidence, whether this agreement with Romig had been entered into prior to the time of the levy of the distress by the sheriff. The court below submitted that question to the jury, which found that the agreement leasing the furniture to Romig had been executed prior to the distress under the landlord's warrant. The defendants having submitted a point requesting binding instructions in their favor, which was refused by the court, subsequently moved for judgment non obstante veredicto, and after consideration the court below so ordered. The plaintiff appeals.

There can be no profit in considering whether the agreements entered into by the plaintiff with Minnich and with Romig, respectively, constituted a bailment or a sale of the furniture. If the plaintiff sold the furniture he would not be entitled to recover it in this action of replevin. Let it be assumed that the contracts involved only a bailment of the furniture. Furniture leased by the owner thereof to the keeper of a boarding house or hotel, who uses it for the purposes of his business, is subject to be distrained for rent due the owner of the building, during the term of the tenant and while on the demised premises: Myers v. Esery, 134 Pa. 177; Wetherill v. Gallagher, 217 Pa. 635. The learned counsel for appellant admits this to be the general rule, but he argues that the furniture in this case was not liable to distress, for the reason that Minnich, the bailee, had agreed that plaintiff might retake the furniture; that Minnich having left the hotel it must be assumed that his term as tenant of the building was at an end; that Romig must be regarded as a new tenant for a new term; that plaintiff had made a new bailment of the furniture to the new tenant, and that, therefore, the furniture was not legally liable to distraint for the rent which was owing by Minnich at the time he left the hotel. If the facts upon which the argument is founded had been established they might have given rise to questions which this case does not present. We can only consider the evidence which was produced in the

court below and has been printed in the paper-book. The written lease under which Minnich held called for a term which did not expire until April 1, 1908, and the distress was levied under the landlord's warrant almost two months prior to that date; the term of Minnich, under his written lease, had not expired. There was no evidence admitted in the court below from which a jury should have been permitted to infer that Rieker, the landlord and appellee, had, at the date the distress was levied, consented to release Minnich or done anything to shorten the term of the lease. He had done nothing from which a jury should have been permitted to find that he had, at that time, recognized Romig as his tenant or entered into any contract relation with him. We have no exception to any ruling of the court rejecting an offer of testimony which established or tended to establish that anything of this kind had occurred. The order of the court, made upon the petition of Minnich and with the acquiescence of Romig, transferring the liquor license from the former to the latter, did not cancel the lease under which Rieker had demised his real estate, nor did it make Romig his tenant. So far as the evidence discloses Romig went into possession under Minnich and the goods were distrained for rent which had accrued during the then current term. The goods of a subtenant, or assignee of the tenant, who has not been recognized as such by the landlord, are, while upon the demised premises, liable to distress for rent due under the terms of the lease: Rosenberger v. Hallowell, 35 Pa. 369; Whiting v. Lake, 91 Pa. 349. The goods of a stranger would share the same fate in like circumstances. Rieker, the landlord, may have subsequently entered into some new arrangement with Romig, with regard to the occupancy of the property and the payment of rent, after he had made use of the means available for the recovery of the rent due from Minnich, but what those subsequent arrangements may have been we are not at liberty to infer. The evidence in this case cannot be said to establish more than that Minnich walked out

of the hotel and Romig took possession, whether with or without the consent of the landlord does not appear. The rent was due, the distress was regular, the furniture was seized upon the property, and it was there under circumstances which rendered it legally liable for the rent.

The judgment is affirmed.