## American Soda Fountain Company, Appellant, v. Stenger.

*Bailment—Lease of soda water fountain—Ownership—Marking fountain—Act of May 3, 1909, P. L. 423.*

A soda water fountain in the possession of a tenant of a building is not exempt from levy and sale for rent by virtue of the provisions of the Act of May 3, 1909, P. L. 423, although the possession of the fountain by the tenant was under a lease from the maker and although the maker's name was on the fountain, if it appears that the lease was executed three years prior to the date of the act, and there was nothing in the marking to give notice to the landlord that the maker was the "owner, lessor; or conditional vendor" of the apparatus.

Argued April 16, 1912. Appeal, No. 26, April T., 1912, by plaintiff, from judgment of C. P. Westmoreland Co., Nov. T., 1909, No. 412, on verdict for defendant in case of American Soda Fountain Company v. C. W. Stenger and Thomas Flynn. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Replevin for a soda water fountain. Before DOTY, P. J.

Verdict and judgment for defendant for $500. Plaintiff appealed.

*Error assigned* was in refusing binding instructions for plaintiff.

*E. P. Doran,* with him *V. E. Williams, W. F. Wegley* and *H. H. Fisher,* for appellant.—The plaintiff contends that all that was required under this act to exempt the apparatus and appurtenances in suit was either, that, before levy or distress the name and address of the owner should have been marked on or attached to the apparatus in the manner required by the act, or that notice of the fact that the apparatus was leased or hired or conditionally sold should have been given to the landlord. The first of these requirements has been met.

*H. E. Marker,* with him *C. B. Hollingsworth,* for appellee, cited: McGreay v. Mellor, 87 Pa. 461; Martin v. Greenwood, 27 Pa. Superior Ct. 245.

Opinion by Porter, J., July 18, 1912:

The plaintiff corporation brought replevin for the recovery of a soda water apparatus and appurtenances which Flynn, one of the defendants, had purchased at a sale by a constable under a distress for rent. The property had been in the possession of Stenger in a store which he occupied as a tenant of Flynn. Default having been made in the payment of rent for the store which was due, Flynn issued a landlord's warrant, under which the property in question was levied upon and sold, Flynn becoming the purchaser. There is no question as to the regularity of the proceedings under the landlord's warrant, the only contention of the appellant being that the property was exempt from levy and sale under a distress for rent, by virtue of the provisions of the Act of May 3, 1909, P. L. 423. The trial resulted in a verdict for the defendant and the plaintiff appeals.

The plaintiff, under a written agreement dated May 19, 1906, had leased the soda water apparatus to Stenger, who shortly afterwards placed it in the storeroom which he leased from Flynn and there continued to use and operate it until November, 1909, or about three years, when it was levied upon a landlord's warrant and sold.

There was no evidence that, prior to the distress for rent, notice had been given by the plaintiff, or its agent, or Stenger, that the latter was in possession of and held the soda water apparatus under a lease, or that it was the property of the plaintiff. The only question in the case was whether the landlord must be held to have had notice that the plaintiff was the owner of the property upon the ground that, under the undisputed facts, "the name and address of the owner, lessor, or conditional vendor, of such soda water apparatus," was marked on or attached to said soda water apparatus, on a conspicuous part thereof, within the meaning of the Act of May 3, 1909, P. L. 423. The provisions of the statute require, in order to bring this special class of property within its protection when the landlord has not been actually notified, "That . . . the name and address of owner, lessor or conditional vendor, of such soda water apparatus, be marked on or be attached to said soda water apparatus, on a conspicuous part thereof." The plaintiff contends that under the facts disclosed by the evidence the court below should have held that the name and address of the owner of this property, the plaintiff, was marked on or attached to the property in the manner by the statute required.

The evidence upon which the plaintiff relied in support of his contention established that when the property was delivered under the lease, on May 19, 1906, there was upon a conspicuous part of the soda fountain a plate bearing this inscription

American Soda Fountain Co.,
PHILADELPHIA
The LIPPINCOTT Patents.

This plate remained in place during all the time the property was in the possession of Stenger and was there at the time of the levy under the landlord's warrant. It thus appeared that this plate was placed upon the fountain by the manufacturer, the plaintiff, three years

before the act of 1909 became a law and there can be no pretense that it was so placed with the intention and for the purpose of complying with the provisions of the statute. The written agreement between the plaintiff and Stenger, leasing the property, left no doubt as to what they believed and intended the plate to indicate, for in describing the property they used this language: "The lessor this day loans to the lessee certain soda water apparatus manufactured by the lessor, and described as follows; Bearing the name of American Soda Fountain Co. as makers, and known as Style 1 Wyola Apparatus, &c." Here was an express declaration by this plaintiff, in the very instrument in which this transaction had its inception, that the name of "American Soda Fountain Co.," which appeared upon the apparatus, was placed there for the purpose of indicating that that company, this plaintiff, was the maker of the apparatus. That was what the parties then believed the marking to mean and there is nothing in the evidence in this case to sustain their assertion that they now believe it to mean something else. It is not unusual for a manufacturer of durable articles to place upon them his name; this may be done for the purpose of advertising or protecting his business, and the mere fact that his name appears upon the article, as the maker, may add to its market value. The fact that the name of the maker thus appears upon an article is never considered an indication that he continues to be the owner thereof. When a man borrows a pocket knife from a stranger and finds stamped upon the blade thereof "George Wostenholm, Sheffield, England," he certainly would not accept it as evidence that that distinguished manufacturer still continued to own that particular knife.

With regard to legislation of this character it was said by Mr. Justice GORDON, in McGeary v. Mellor, 87 Pa. 461: "The Act of May 13, 1876, P. L. 171, was passed in favor of a special class of dealers and was intended to exempt certain of their wares from the common-law right of dis-

tress.  By this act, as to the articles therein described, the landlord is deprived of a right and power which, before the passage of said act, he possessed.  It follows, that this act, being in derogation of the common law, must receive a strict construction.  In other words, the dealer's right to have his property exempted ought not to be extended beyond the plain intent of the legislature, as indicated by the words of the act, and if these words are, as to their meaning, ambiguous or obscure, the rights of the landlord must be as fully considered, in the construction of the statute, as those of the dealer."  The manifest intention of the legislature, expressed in the act of 1909, was to permit manufacturers of and dealers in soda water apparatus to lease such apparatus, or make conditional sales thereof, without exposing the property to the risk of seizure under a landlord's warrant, but it recognized the danger of permitting a dishonest tenant to impose upon his landlord through the apparent possession of property which he did not own, and, to guard against such imposition, included in the act provisions intended to secure notice to the landlord.  The purpose of the legislature in providing for notice to the landlord was to secure to the latter knowledge of the property relation in which his tenant stood with regard to soda water apparatus of which he might be in possession.  This purpose must be kept in view in construing that part of the statute which permitted the owner to give the notice by marking his name and address in a conspicuous place upon the apparatus.  The mere placing of the name and address on the apparatus, without indicating whether it represented the name of the maker or of the owner, cannot be said to be definite notice of anything.  When the owner of the apparatus places his name upon it with the intention of claiming the benefit of this statute, he should do it in such a manner as to clearly indicate his purpose. The purpose being to notify the landlord of the relation in which his tenant stands to that apparatus and of the rights of the owner, or lessor, of the apparatus, the mark-

ing thereon should unequivocally indicate that relation. The marking should be such that a mere inspection of it will clearly reveal that the name which thereon appears is that of the "owner, lessor, or conditional vendor" of the apparatus; anything less than this must fail to meet the legislative requirement. The inscription upon the apparatus involved in this case failed to come up to this standard, and the assignments of error are without merit.

The judgment is affirmed.