Reinhart, Appellant, *v.* Gerhardt et al.

Argued March 1, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*George I. Puhak,* for appellant.

*Adrian H. Jones,* for appellee.

OPINION BY RENO, J., April 16, 1943:

This action of replevin was instituted by a lessor of household goods seized under a landlord's warrant for rent due by his tenant, the appellant's lessee. The case was tried by a judge without a jury and the facts were established by introducing into evidence admissions in the pleadings and by oral statements of counsel at bar. The trial judge found that title to the goods was in the lessor subject to a lien for the unpaid rent due to the landlord; lessor's exceptions thereto were dismissed by the court in banc; and from that judgment the lessor has appealed.

Appellant leased the household goods by a written

bailment lease to Louis W. Gerhardt and Altheda R. Gerhardt on August 17, 1925. The Gerhardts then resided at 562 North Church Street, Hazleton, and the goods were delivered there. On January 1, 1937, Louis Gerhardt leased 624 North Laurel Street, Hazleton, from William C. Lubrecht. He took possession of the premises about that date and between that time and January 20, 1937, moved portions of the household goods leased to him by appellant, from the North Church Street house to the North Laurel Street house. On January 20, 1937, appellant notified the landlord in writing that the household goods, enumerating them but not stating the amounts due for each article or for the whole, belonged to the appellant and had been leased to the Gerhardts. On June 23, 1939, the landlord issued his warrant for $405, rent due, distrained the household goods and thereafter the appellant instituted replevin.

Household goods and furniture upon leased premises are subject to distress whether held under a bailment, a lease or conditional sale: *Pickering v. Lutz*, 67 Pa. Superior Ct. 479; *Pickering v. Lichtenstein*, 64 Pa. Superior Ct. 78; *Weidman v. Rieker*, 44 Pa. Superior Ct. 85. "Barring the goods excepted by statute all the goods upon the premises are for the purposes of distraint to be considered as the tenant's goods although they may belong to others": *Pickering v. Lichtenstein*, supra, p. 78. "Exemption statutes are to be construed in derogation of the common law and are to be strictly complied with": *Peerless Soda Fountain Service Co. v. Walsh*, 105 Pa. Superior Ct. 71, 75, 160 A. 149. See also *American Soda Fountain Co. v. Stenger*, 50 Pa. Superior Ct. 481.

Appellant relies upon the Act of June 2, 1933, P. L. 1417, §1, 12 PS §2178, which provides, in part, "that *hereafter* all household furniture and household goods leased or hired under bailment lease . . . . . . or conditionally sold . . . . . . shall be exempt from . . . . . . dis-

tress for rent so long as title thereto remains in the bailment lessor or conditional vendor, provided, however, that written notice that such household furniture or household goods, specifically describing the same, have been leased or hired or conditionally sold to any such person shall be given to the landlord, or his agent, at the time the said household furniture or household goods are placed upon the demised premises, or within five days thereafter, and such notice shall contain a statement of the respective amounts due to the lessor or conditional vendor on each of the articles named therein, and, when so given, shall be effective as to such landlord and any future owner or owners of said premises ......"

The court below construed the Act to apply only to goods leased subsequent to its passage. It held that to rule otherwise gave the statute retroactive effect and refused to allow its benefits to appellant. For the purposes of this case, it is not necessary, as we view it, to decide that question. Assuming, without deciding, that the statute applies to leases made before its passage, clearly there has not been a strict compliance with its terms. The notice did not "contain a statement of the respective amounts due ...... on each of the articles named therein", nor, if the same were sold in bulk, as contended but not proved, a statement of the amount due upon the whole. Moreover, since the goods were admittedly moved at various times between January 1, 1937 and January 15, 1937, the appellant did not prove that his notice of January 20, 1937, was given within five days after his goods, or certain parts of his goods, were placed upon the demised premises.

The judgment is affirmed.