## Commercial Credit Plan v. Mahoney et al.

*Gifford, Graham, MacDonald & Illig,* for plaintiff.
*William W. Knox,* for defendants.

EVANS, P. J., August 17, 1948.—This matter is before us on motions by both plaintiff and defendant for judgment on the pleadings. The complaint sets forth that on August 23, 1947, plaintiff, as mortgagee, entered into a chattel mortgage with Paul G. Miller, Jr., and Lillian L. Miller, his wife, whereby certain household goods located on premises known as 120 West 11th Street were pledged as security. The chattel mortgage was duly recorded in the office of the prothonotary for Erie County, Pa., on August 29, 1947, in Volume 3755, Book No. 2, pages 156-58. The pleadings further show that pledgors occupied the premises in question as tenants of defendant under a written lease dated May 1, 1947, and that on January

7, 1948, defendant issued a landlord's warrant for past due rent. The property was sold on January 21, 1948, for the sum of $200. The arrearage in rent at that time was $989.80, and the unpaid sum due on the chattel mortgage was $164.88. Prior to the sale the chattel mortgagee notified the constable of his claim and now seeks such sums from the proceeds of sale as are owing under the chattel mortgage.

The question for consideration is whether or not the Act of June 1, 1945, P. L. 1358, 21 PS §940.1, gives a chattel mortgagee who has complied with the provisions of that act with respect to recording, priority in distribution of sums received at a landlord's sale for unpaid rent when the actual levy was made subsequent to the execution and recording of said chattel mortgage.

The right of a landlord to distrain for rent and to enjoy certain priorities with regard to distribution after the sale of his tenant's goods under execution originates under our common law. In De Lancey Stables Co., 170 Fed. 860, it is well stated that under the law of Pennsylvania goods and chattels on demised premises whether the property of lessee or a subtenant are under quasi pledge to lessor for rent and when he has exercised his right of distraint his lien is superior to that of an execution creditor of the owner.

In case of household goods and furniture upon leased premises the rights of the landlord to distraint exist whether said goods are held by the tenant under bailment lease or conditional sale: Reinhart v. Gerhardt et al., 152 Pa. Superior Ct. 229.

In J. J. Pocock, Inc., v. Levy et al., 130 Pa. Superior Ct. 94, the court held that the general rule is that, excepting with regard to certain articles specifically exempted by statute, goods held by a tenant under bailment lease are liable to distraint for rent.

Such goods are liable to distraint even though goods owned exclusively by the tenant without lien are on the premises and sufficient to satisfy the landlord's demand: National Cash Register Co. v. Ansell, 125 Pa. Superior Ct. 309.

There are certain statutory exemptions but they are in derogation of the common law and such statutes must be strictly construed. Such is the Act of June 2, 1933, P. L. 1417, relating to household furniture and goods leased under bailment lease or conditionally sold and providing exemption from levy for rent under certain circumstances.

We are unable to find nor have counsel furnished us with any case in which our immediate problem has been considered. However, in First National Bank of Jamestown v. Sheldon, 161 Pa. Superior Ct. 265, the court held that since the Chattel Mortgage Act is a departure from the heretofore settled public policy of the State we cannot extend its provisions farther than was clearly intended by our legislature. An examination of this act reveals that, although it provides for the recording of chattel mortgages and refers specifically to the lien and priority thereof, no mention is made of the landlord's rights. Priority is given with respect to subsequent purchasers, subsequent mortgagees, subsequent lienors and encumbrancers but we are of the opinion that the landlord is not to be considered as any one of these. His right originates when the goods are placed on the premises and priority for one year's rent is his whether he levies or the goods are seized by a constable or sheriff or surrendered in bankruptcy.

## Order

Now, to wit, August 17, 1948, under motion of plaintiff dated February 9, 1948, for judgment on the pleadings and defendant's motion of February

12, 1948, for judgment on the pleadings, judgment is entered for defendant.