## Firestone Tire and Rubber Company, Appellant, *v.* Dutton.

Argued November 9, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Allen N. Brunwasser,* for appellant.

*Harbaugh Miller,* with him *Robert M. Entwisle,* and *Miller, Hay, Entwisle & Duff,* for appellees.

OPINION BY FLOOD, J., December 16, 1964:

The plaintiff sought to replevy a stereo and television set which it had sold to the defendant Dutton on a bailment lease. The complaint averred that at the time of the sale Dutton lived at 1416 Laurel Drive,

Pittsburgh, that without notice to or consent of the plaintiff, Dutton moved from the premises taking the equipment with him, and that there is still the sum of $468 due which Dutton has refused to pay, as a result of which the title and right of immediate possession under the agreement of sale are in the plaintiff. These averments are admitted in the answer except as to the plaintiff's title and right of possession. The defendant Amberson Gardens, Inc., sets forth as new matter in its answer that it leased an apartment on 2 Bayard Road, Amberson Gardens, to William De Santis and because of his defaults in payment of the rent due in the sum of $619.50, it authorized the constable to distrain on all the personal property in the apartment leased to De Santis; that at the constable's sale Amberson Gardens, Inc., purchased all the goods distrained on the premises, including the television and stereo set; and that the plaintiff had not given the landlord, Amberson Gardens, Inc., notice of its right or title as required by The Landlord and Tenant Act of April 6, 1951, P. L. 69, art. IV, §403, as amended, November 10, 1959, P. L. 1456, §1, 68 PS §250.403. The plaintiff's reply to the new matter denied the averments as to the lease to De Santis, the default in payment of rent and the fact that the TV and stereo set were on the premises at the time of the distraint. These denials are in the form provided in Pa. R. C. P. No. 1029(c) (made applicable in an action of replevin by Pa. R. C. P. No. 1071). They state: "After reasonable investigation plaintiff is without information or knowledge sufficient to form a belief as to the truth of [the averments] because the means of proof are within the exclusive control of the adverse or hostile person."

The court below correctly stated the law that a landlord is entitled to distrain upon all goods on the leased premises not exempt by statute (*Reinhart v. Gerhardt*, 152 Pa. Superior Ct. 229, 231, 31 A. 2d 737,

738 (1943) ; *Frazee v. Morris,* 155 Pa. Superior Ct. 320, 321, 38 A. 2d 526 (1944) ), and that there is no statute governing the situation except The Landlord and Tenant Act of 1951, supra. The Uniform Commercial Code has no application. U.C.C. §9-104(b), 12A PS §9-104(b) ; *In re: Einhorn Bros., Inc.,* 272 F. 2d 434 (3d Cir. 1959). Under §403 of The Landlord and Tenant Act, supra, the plaintiff's rights depend upon notice to the landlord within ten days of the time his property was placed on the demised premises. 68 PS §250.403. The court also correctly held that the levy on the disputed articles would not be invalidated either by the removal of the goods to the premises where they were levied upon without the seller's knowledge (see *Reinhart v. Gerhardt,* supra) or by the landlord's knowledge that the goods did not belong to the tenant (*Frazee v. Morris,* supra). For these reasons the court below concluded that the landlord was entitled to levy upon the goods on the premises, including the property sought to be replevied, and gave judgment on the pleadings for the defendant landlord.

The trouble with this disposition is that in the reply to new matter the plaintiff has denied (1) that the goods were on the premises, (2) that the lease averred was made with the occupant of the premises as averred, (3) that there was any rent in arrears, and (4) that the goods in question were actually distrained and sold by the constable. These are all matters of fact within the knowledge of the landlord, some of which, at least, the plaintiff cannot be expected to know. The plaintiff, therefore, had the right to deny them in accordance with Pa. R. C. P. No. 1029(c) and put the plaintiff to his proof. The case cannot be determined on the pleadings. The order of the court below must be reversed and the case remanded for further proceedings in accordance with this opinion.

Order reversed and remanded.

WRIGHT, J., concurs in the result.