## Xerox Corporation v. Hende-Jon
## Furniture Showrooms, Inc.

*Joseph E. Schmitt,* for plaintiff
*Thomas F. Nelson,* for defendant.

FINKELHOR, *J.*, December 2, 1976 — Plaintiff, Xerox Corporation, brought this action in equity to restrain the constable's sale, to be conducted by defendant Edward Ochs, of a Xerox 2400 copier under a landlord's distraint. The issue before the chancellor is the status of property of a stranger, found on the leased premises at the time of distraint. In addition, the plaintiff has questioned the constitutionality of sections 302 *et seq.* of The Lanlord and Tenant Act of 1951, Act of April 6, 1951 P.L. 69, 68 P.S. §250.302 et seq., which authorizes distraint or distress by the landlord to recover to a claim for rent.

Defendant Hende-Jon Furniture Showrooms, Inc. (Hende-Jon) is the owner of land and building, located at 100 Ross Street, Pittsburgh, used for commercial offices and showrooms. On or about November 16, 1971, Hende-Jon entered into a lease with one Robert Todd (Todd) for space on the fourth floor of said building, which was then occupied by Todd and Town and Country Planning, Inc., a corporation of which Todd was the principal officer. The lease was for three years and provided a total rent of $13,091.40, or $365 per month.

On or about May 25, 1972, Town and Country entered into an equipment lease with Xerox for the 2400 copier, and on or about June 8, 1972, Xerox delivered and installed said equipment.

The copier was approximately four feet high and six feet long, and attached to the rear side was a plate, approximately two by four inches, which stated, "Xerox Rochester, New York". Defendant Hende-Jon's president, Mr. John Shurko, was present at the time the equipment was brought on the premises and stopped the installation by plaintiff until the appropriate electrical connections could be made. Other Xerox equipment had been leased

and installed at 100 Ross Street on the premises of other tenants, and letters containing notice of the equipment lease had been sent to defendant Hende-Jon. Written notice was not given for the equipment in the instant proceedings. Plaintiff values the equipment at $25,000.

On or about June 16, 1972, Todd, and Town and Country, vacated the Ross Street offices and owed at that time a partial balance on the June rent. No further rent has been paid to the landlord under the lease, and, in fact, the whereabouts of Robert Todd is presently unknown.

In addition to the lease of the premises, defendant sold to Todd various articles of furniture, and leasehold improvements, which were delivered to Todd on or about Jan. 3, 1972.[1]

Defendant Hende-Jon secured judgment against Todd, and Town and Country, for these sales in the amount of $2,524.62: Hende-Jon Furniture Showrooms, Inc. v. Robert Todd et al., No. 1202 October Term, 1972, and on November 1, 1972, pursuant to a writ of execution, Execution No. 331 October Term, 1972, the sheriff of Allegheny County seized and levied on all personal property on the Todd premises and sold all property, except the Xerox copier, to Hende-Jon for costs.

As no moneys were paid to Xerox for rental of the copier, at an unspecified date in September, Xerox requested permission to remove the equipment from the leased premises. Permission was denied by Hende-Jon and the copier has remained on the premises of Hende-Jon.

On or about January 26, 1973, pursuant to the

---

1. The agreement for this furniture and other improvements was not placed into the record, and witness Shurko was hazy on the details of payment.

authorization and direction of defendant, Hende-Jon, defendant, Ochs, levied and distrained on the copier for accelerated rent due and owing under the Todd lease in the amount of $11,141.40, and fixed a sale date for February, 1973, which was subsequently rescheduled for March, and again postponed pending the resolution of this equity action.

Based upon the above facts, it is the position of the plaintiff: (1.) that the copier was exempt from distraint under the provisions of section 403 of The Landlord and Tenant Act; (2.) that the procedure of Constable Ochs in appraising the property for sale was not in compliance with said act, and, therefore, the distraint is void; and (3.) that distraint and sale of property, absent hearing, is a violation of both substantive and procedural due process.

Defendant contends: (1.) that, absent strict compliance with the notice provisions of The Landlord and Tenant Act, rented property on the premises of a defaulting tenant is subject to sale by the landlord; (2.) that procedural defects have been waived; and (3.) that the constitutional arguments of plaintiff are not applicable to a business or commercial operation. To the Chancellor's knowledge, no notice was given by plaintiff to the Attorney General of the Commonwealth of the constitutional attack on The Landlord and Tenant Act.

The landlord's remedy of distraint or distress for rent is an ancient Pennsylvania remedy whereby a landlord or his agent is permitted to take possession of personal property on the tenant's premises to recover rent due and owing without a prior hearing to determine the validity of the landlord's

claim.[2] This prerogative to distrain personal property found on the tenant's premises, upon default in rent payments, is rooted in the feudal relationships of medieval England and gives to the landlord a preferred and unique status. While at Common Law the landlord's right was limited to a distraint or holding of the tenant's property, the Pennsylvania Act of 1772 codified the existing law and further provided the landlord with power to sell the distressed goods.

As noted in a recent comment in the Duquesne Law Review:

"Over the years, the remedy has continued to be well-recognized for its usefulness. Whether it is deemed a power or a right, distraint is in the *nature* of a lien, but not actually a lien until the goods have been distrained under the landlord's warrant. The remedy arose the moment the relationship of landlord and tenant came into being and was in reality a 'matter of agreement' between the parties on the oral or written lease." (Emphasis in original; footnotes omitted.) Pollock, Due Process Right of Notice and Right to be Heard prior to Distraint, 12 Duquesne L. R. 624, 628-29 (1974).

The provisions of the 1772 Act, providing for the distraint and sale of the tenant's property, were re-enacted in 1951 in the present Landlord and Tenant Act, supra.

Section 302 provides in pertinent part:

"Personal property located upon premises oc-

---

2. See 12 Duquesne L. R. 624 (1974), 35 U. of Pitt. L. R. 191 (1973), 18 Villanova L. Q. 771 (1973), 44 Temp. L. Q. 564 (1971), for a full discussion of the origins and history and status of distress or distraint.

cupied by a tenant shall, unless exempted by article four of this act, be subject to distress for any rent reserved and due. Such distress may be made by the landlord or by his agent duly authorized thereto in writing. . . .

"Notice in writing of such distress, stating the cause of such taking, specifying the date of levy and the personal property distrained sufficiently to inform the tenant or owner what personal property is distrained and the amount of rent in arrears, shall be given, *within five days after making the distress,* to the tenant and any other owner known to the landlord, personally, or by mailing the same to the tenant or any other owner at the premises, or by posting the same conspicuously on the premises charged with the rent." 68 P. S. §250.302. (Emphasis added.)

As compared to the rights of a judgment creditor, the landlord's lien under distraint extends to all personal property found on the leased premises, whether owned by the tenant or another, unless the property falls within one of the specific exempt categories included within the act: Firestone Tire and Rubber Co. v. Dutton, 205 Pa. Superior Ct. 4, 205A. 2d 656 (1964); Frazee v. Morris, 155 Pa. Superior Ct. 320, 38A. 2d 526 (1944).

While no hearing is provided prior to distraint, section 306 permits an action by the tenant or other property owner in replevin within five days to regain possession of the distrained property or an action in trespass for damages for wrongful distraint.

If the owner of the distressed property fails to file an action in replevin within five days after distress and notice thereof, section 308 provides that the property shall be appraised by two disinterested

and competent appraisers receiving $2 per diem for their services, and the sheriff or constable shall fix a day, time and place for sale, with at least six days public notice.

Other sections of the 1951 Act provide for specific exemptions from the distraint proceedings, including section 403, which protects certain enumerated classes of property, located on the tenant's premises, but under lease, loan or subject to the security interest of a third party. However, to protect such interest, the third party is required to give notice to the landlord: (1.) by "written notice, specifically describing the personal property loaned, leased, hired, or made subject to a security interest"; or (2.) for certain classes of property "the name and address of the owner, lender, lessor or conditional vendor may be marked on or attached to said property on a visible part thereof."

As the act was originally passed in 1951, the exemption of "photocopying and other office equipment and machinery" (Category 3) required written notice to the landlord. In 1971, Act of November 5, 1971, P.L. 507 (No. 118), 68 P.S. §250.403, this section was amended to permit the use of the alternate marking procedure for office equipment to provide notice of a third party interest.

As stated, Pennsylvania cases have held that, absent notice to the landlord, non-exempt property found on the tenant's premises is subject to the landlord's distraint for rent — whether such property is owned by the tenant or third parties: Firestone Tire and Rubber Co. v. Dutton, supra; Reinhart v. Gerhardt, 152 Pa. Superior Ct. 229, 31 A. 2d 737 (1943); Derbyshire Brothers v. McManamy, 101 Pa. Superior Ct. 514 (1931).

In Firestone Tire, supra, the Superior Court stated:

"The court below correctly stated the law that a landlord is entitled to distrain upon all goods on the leased premises not exempt by statute [citations omitted], and that there is no statute governing the situation except The Landlord and Tenant Act of 1951, supra. The Uniform Commercial Code has no application. [Citations omitted.] Under §403 of the Landlord and Tenant Act, supra, the plaintiff's rights depend upon notice to the landlord within ten days of the time his property was placed on the demised premises. 68 P.S. §250.403. The court also correctly held that the levy on the disputed articles would not be invalidated either by the removal of the goods to the premises where they were levied upon without the seller's knowledge [citations omitted] or by the landlord's knowledge that the goods did not belong to the tenant [citations omitted]." 205 Pa. Superior Ct. at 6 - 7.

However, the above-cited cases were decided prior to the United States Supreme Court decisions in Sniadach v. Family Finance Corp., 395 U. S. 337 (1969), which invalidated a Wisconsin wage garnishment statute, and Fuentes v. Shevin, 407 U. S. 67 (1972), which struck down the Pennsylvania and Florida pre-judgment replevin procedures as lacking requisite due process protections.

Subsequent decisions have strengthened the Fuentes criteria that, absent a compelling need for prompt action or the necessity to secure an important governmental interest, due process requires an opportunity for a hearing to evaluate the creditor's claim *prior to* the seizure or taking of property: Garnishment of bank accounts, North Georgia Finishing, Inc. v. Di-Chem, Inc. 419 U. S. 601,

95 S. Ct. 719, 42 L. Ed. 751 (1975); confession of judgment, Swarb v. Lennox, 314 F. Supp. 1091 (E.D. Pa. 1970); foreign attachment, Jonnet v. Dollar Savings Bank, 392 F. Supp. 1385 (W. D. Pa. 1975), aff'd 530 F.2d 1123 (3rd Cir. 1976), and Radakovich v. Weisman, 124 Pitts. L. J. 63 (1976).

On its face, Pennsylvania distraint procedure does not appear to meet the standards of Fuentes. There is no official (judicial) evaluation of the landlord's claim and the rights of the tenant are postponed to either a replevin action after seizure or a claim for damages for wrongful distress.

As early as 1851, the Pennsylvania Supreme Court recognized the heavy burden placed upon the tenant to extricate him/herself from the legal effects of the landlord's remedy:

"After a distress is made, for rent in arrear, the landlord has a right to impound the goods upon the premises; the tenant is deprived of the use of them; is liable to treble damages if he rescue them without writ, and he cannot have a writ of replevin, however unjustly his goods may have been distrained, without giving security in double their value to prosecute his suit with effect, and to return the goods, if return should be awarded. This security it may be totally out of his power to give; and thus, although a *sale* may not take place, the tenant is deprived of the goods necessary to the comfort of himself and his family, or, it may be, of the merchandise, or implements of husbandry, necessary to the successful pursuit of his business. Thus incommoded, his business broken up and his credit impaired [the tenant was permitted to recover for the wrongful distraint]." McElroy v. Dice, 17 Pa. 163 (1851).

While counsel has not cited nor has the Chancel-

lor found Pennsylvania trial or appellate[3] decisions on the constitutional status of distraint, after Fuentes, numerous actions were brought by low income tenants (of residential property) in the Federal Districts of this Commonwealth.

Santiago v. McElroy, 319 F. Supp. 284 (E.D. Pa. 1970), held that the "sale" of the tenant's property after distraint, section 309, violated due process because of the lack of a provision for hearing prior to such sale. A similar holding was reached by the Middle District in Musselman v. Spies, 343 F. Supp. 528 (M.D. Pa. 1972), and in the Eastern District for Delaware County, Sellers v. Contino, 327 F. Supp. 230 (E.D. Pa. 1971).

In Gross v. Fox, 349 F. Supp. 1164, 1167 (E.D. Pa. 1972),[4] another tenant's action, a three-judge

---

3. See Commonwealth v. Monumental Properties, Inc., 10 Pa. Commonwealth Ct. 596, 612, 314 A. 2d 333 (1973), wherein the Commonwealth Court refers to federal lower court decisions on distraint but states "we do not discern any firm holding that all clauses of distraint are unconstitutional." (Emphasis in original.)

4. The District Court stated as follows:

"Modern notions of due process leave no room for landlords to be judges in their own causes. Damage actions for trespass by the tenant after the fact do not provide a constitutional substitute for prior notice and hearing.

"This is not one of those truly unusual situations where outright seizure without opportunity for a prior hearing is constitutionally justifiable. E.g., North American Cold Storage Co. v. Chicago, 211 U.S. 306, 29 S. Ct. 101, 53 L.Ed. 195 (1908). '* * * [S]tate intervention in a private dispute hardly compares to state action furthering a war effort or protecting the public health.' Fuentes, 407 U.S. at 93, 92 S.Ct. at 2000, 32 L.Ed.2d at 577. There is nothing 'which indicates that the distress procedure is a response to an extraordinary situation requiring special protection to a state or creditor interest.' Santiago, supra, 319 F. Supp. at 294-295.

"We now hold that Sections 302 et seq. of the Pennsylvania

court, in a comprehensive opinion by Judge Lord, considered the initial distraint to be unconstitutional, but was reversed by the Third Circuit on technical grounds: Gross v. Fox, 496 F.2d 1153 (1974).[5]

In Ragin v. Schwartz, 393 F. Supp. 152 (W.D. Pa. 1975), a class action on behalf of all tenants in Allegheny County, a three-judge District Court for the Western District of Pennsylvania, in an opinion by Judge Snyder, found Pennsylvania distraint procedure to be similar to the prohibited procedure in North Georgia Finishing v. Di-Chem, supra, and, therefore, "violative of Due Process requirements."

Finally, in Litton Business Systems, Inc. v. Paul L'Esperance, Inc., 387 F. Supp. 1265 (E.D. Pa. 1975), the court ruled that the fourteenth amendment protections extend to any significant property interests, including those of a corporate lessor of photocopying equipment.

In the instant proceedings, while the property has been distrained, the sale has been postponed, and plaintiff, a large international corporation in the business of renting costly office equipment has sought equitable relief to protect its property interest. As ruled in North Georgia Finishing v. Di-

---

Landlord and Tenant Act, 68 P.S. §250.302 et seq., are unconstitutional on their face because they permit a landlord to levy on the property on a tenant's premises without prior notice or hearing in violation of the Fourteenth Amendment's due process clause."

See also Stots v. Media Real Estate, 355 F. Supp. 240 (E.D. Pa. 1973), wherein the court indicated that nine suits had been filed in the Eastern District on this issue.

5. The District Court had separated the damages from the constitutional issue, and, in addition, defendant had returned the disputed property (mootness of issue).

Chem, supra, corporations may suffer less than individual consumers but are entitled to equal constitutional protections.

While this court concurs with the federal cases on the constitutionality of Pennsylvania distraint procedures in their present form, it is not necessary to resolve the instant proceedings on constitutional grounds.

Section 403 of The Landlord and Tenant Act, as amended, specifically provides for an alternate method for notice of a security interest in property by marking the name and address of the owner, lender, lessor or conditional vendor "on a visible part thereof." Both parties have stipulated that the name and address of plaintiff were attached to a visible part of the machine. While defendant contends that the marking merely indicates Xerox as manufacturer, the statute, itself, does not require the marking to indicate the nature of the ownership or security interest.

In addition, while knowledge of the landlord of the security interest of another will not alone protect the property from sale, the Chancellor may consider the surrounding circumstances to determine whether there has been compliance with section 403 of The Landlord and Tenant Act. The landlord, in the instant case, was the owner of commercial property and was knowledgeable of the general business practice of renting photocopying equipment and was present at the time of installation. A request was made by Xerox for the return of the equipment prior to the sheriff's sale in November, 1972. These facts, coupled with the plaque on the copier in a "visible" part of the machine, provided sufficient notice to exempt the property from sale.

Defendant has also raised by preliminary objection, filed simultaneously with the answer, plaintiff's adequate remedy at law, i.e., an action in replevin[6] within five days after notice of the distraint proceedings: 68 P.S. §250.306. Based upon the facts of these proceedings, plaintiff could have proceeded in replevin with bond after Hende-Jon's refusal to release the property, and under the structure of The Landlord and Tenant Act, section 306 provides relief for either the tenant or owner of the distressed goods.

Equity is not an alternate action for a statutory remedy, and as the issues in this proceeding all stem from the Act of 1951, defendant's objections to the remedy of plaintiff have merit. However, at the time that the instant proceeding was filed, the constitutionality of Pennsylvania replevin procedure was in question and the revised replevin rules had not yet been adopted: Fuentes v. Shevin, supra.

In order to dispose of these proceedings, the Chancellor has considered the action on the merits and finds that adequate notice was given by plaintiff of its interest in the copier.

Other issues raised by the parties, such as the procedure of Constable Ochs, have been considered by the Chancellor, but discussion is not required.

Rental fees for the equipment will be disallowed and each party to pay his own costs.

Based upon the above discussion, an appropriate decree is attached hereto.

---

6. See Pollock, David, Due Process Right of Notice and Right to be Heard prior to Distraint, 12 Duquesne L. R. 624 (1974). Under replevin procedures plaintiff would have had to post bond in the amount of double the value of the copier.

## DECREE NISI

And now, December 2, 1976, upon plaintiff's prayer to restrain the sale under landlord's distraint of a copier owned by Xerox, and after full consideration of the record, stipulation and briefs and arguments of counsel, and the allegations of constitutional issues, it is hereby ordered, adjudged and decreed as follows:

(1.) The copier machine, presently in the possession of defendant, Hende-Jon, shall be returned to plaintiff, Xerox Corporation;

(2.) Transportation of said copier shall be supplied by Xerox Corporation;

(3.) Each party to bear their own costs; and

(4.) This decree shall become final in 20 days.